396 So.2d 1318 (1981)
STATE of Louisiana
v.
Luke A. PETROVICH, Albert J. Beshel, Lennard H. Mackenroth and Michael E. Kirby.
No. 80-K-2491.
Supreme Court of Louisiana.
April 6, 1981.
Camille F. Gravel, Jr., David W. Robertson, and Susan M. Theisen, of Gravel, Robertson & Brady, Alexandria, Michael S. Fawer, and Matthew H. Greenbaum, of Fawer & Greenbaum, New Orleans, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander Perez, Jr., Dist. Atty., Frank Klein, Asst. Dist. Atty., Gilbert V. Andry, III, Sp. Counsel to Dist. Attys., New Orleans, for plaintiff-respondent.
*1319 MARCUS, Justice.
Luke A. Petrovich, Albert J. Beshel, Lennard H. Mackenroth and Michael Edward Kirby, four of the five members of the Plaquemines Parish Commission Council,[1] were charged by the grand jury in separate indictments with three counts of violating R.S. 42:263[2] pertaining to the employment of special legal counsel by the parish governing authority. Each defendant filed a motion to quash the indictment grounded on the claims that the employment of special counsel was authorized by the Plaquemines Parish Local Self-Government Charter, that R.S. 42:263 and the penal provision, R.S. 42:264,[3] were violative of the federal and state constitutional guarantees of due process and equal protection of the laws, and that the indictments failed to allege the element of criminal intent required under R.S. 42:264. After a hearing, the trial judge denied defendants' motions. On application of defendants, we granted writs under our supervisory jurisdiction to review the correctness of those rulings.[4] Defendants assert five arguments in brief to this court in support of their position. Finding no merit in three of their arguments,[5] we will address only the remaining two, concluding that the penal provision of R.S. 42:264 is unconstitutional.
Defendants argue that R.S. 42:263 and 264 deny them equal protection of the laws and that the entire statutory scheme of R.S. 42:261-264 is so vague and overbroad that the prosecution thereunder denies them due process of law.
R.S. 42:263 and 264 form part of the statutory scheme designed to provide legal counsel for various state and local governmental authorities. This scheme in pertinent part is as follows:
§ 261. Attorney General to be counsel for boards and commissions
A. Except as provided by Subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorneys and *1320 counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
B. Except as provided by Subsection C of this section or as otherwise provided by law, all legal services for parish governing authorities, parish school boards, city school boards and all state boards and commissions, including levee boards, hospital and asylum boards, educational boards and dock boards, the members of which, in whole or in part, are elected by the people or are appointed by the governor or other prescribed authority, in reference to the issuance of bonds, notes or other evidences of indebtedness, whether in the original instance or for refunding purposes, shall be under the supervision, control and authority of the attorney general.
C. Notwithstanding the provisions of Subsections A and B of this section or of any other law, the governing authority of any parish listed in the 1970 decennial federal census as having a total population of between 70,000 and 80,000 may retain, select and/or employ, on a full or part time basis or on retainer, an attorney to serve as its regular or special attorney and in such case may fix and pay the salary or compensation of said attorney. The employment of an attorney under this authorization relieves the district attorney of responsibility.
D. Except as otherwise permitted by this Section it shall be unlawful for any parish governing authority, school board, or state board or commission to retain or employ, for any compensation whatever, any attorney or counsel to represent it generally, or, except as provided in R.S. 42:263, to retain or employ any special attorney or counsel, for any compensation whatever, to represent it in any special matter, or pay any compensation for any legal services whatever, provided that the board of commissioners of the port of New Orleans shall select its own attorney.
The provisions of this Subsection shall not apply to the board of assessors of the parish of Orleans, the salary of whose attorney is paid by the city of New Orleans, nor shall it apply to the Board of Liquidation of the City Debt created by Act 110 of 1890.
. . . .
F. Notwithstanding any other provision of this section or of any other laws to the contrary, and as a further exception to the general prohibition contained in this section, the East Baton Rouge Parish School Board is hereby authorized to select its own attorney to serve as general counsel of said board, the compensation of said attorney to be fixed and paid by the board solely from funds appropriated by the board for that purpose.
G. Notwithstanding any other provision of this Section or any other law to the contrary, nothing shall prohibit either the governing authorities of the parishes of St. Charles, Ouachita, Morehouse, and Vermilion, or the school boards of the parishes of St. Charles, Ouachita, Morehouse, Acadia, DeSoto, St. Bernard, Red River, Lafayette, Pointe Coupee, West Carroll, and Vermilion, and the Monroe City School Board from each employing or retaining its own attorney to represent it generally; however, except in those specific instances where expressly allowed by law, no payment to such attorney so employed or retained shall be made on a contingent fee or other percentage basis. The employment of attorneys by either or both of said political subdivisions of the aforementioned parishes shall relieve the district attorneys of the judicial districts serving the parishes of St. Charles, Acadia, DeSoto, St. Bernard, Red River, Lafayette, West Carroll, and Vermilion from any further duty of representing said political subdivisions of said parishes.

*1321 H. Notwithstanding the provisions of this Section or any other law to the contrary, the Recreation and Park Commission for the parish of East Baton Rouge may retain and employ counsel as otherwise more specifically provided in R.S. 16:2.1 and the district attorney shall be relieved of his responsibility to serve as attorney for the commission only in such instances as provided therein.
§ 261.1 Certain parish and city school boards; employment of general attorney
A. All parish and city school boards in the state which have in their respective school systems an average daily membership in excess of twenty-five thousand pupils may select, employ, fix the salary of and pay their own general attorney, in which case the district attorney shall be relieved of responsibility.
B. Notwithstanding the provisions of Subsection A hereof, and irrespective of the average daily membership of pupils in the school system of any such parish, the school board of any parish listed in the 1970 decennial federal census as having a total population of between seventy thousand and eighty thousand may select, employ, fix the salary of and pay its own general attorney, in which case the district attorney shall be relieved of responsibility.
§ 261.2 Certain parish school boards in the twenty-first judicial district; employment of general attorney
All parish school boards in the twenty-first judicial district may select, employ, fix the salary of and pay their own general attorney.
. . . .
§ 263. Resolution requesting special counsel
A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
B. Notwithstanding the provisions of Subsection A of this Section or R.S. 42:264, the governing boards of the Cane River Levee and Drainage District, the Campti-Clarence Levee District, the Natchitoches Levee and Drainage District, the Red River Levee and Drainage District, the Fifth Louisiana Levee District, and the Nineteenth Louisiana Levee District may retain or employ special counsel as needed and without the approval of the attorney general.
§ 264. Penalties
The members of parish governing authorities, parish school boards, and state boards or commissions, who shall violate any of the provisions of R.S. 42:261 through 42:263 and any attorney or counselor who knowingly accepts prohibited employment or compensation shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars and imprisoned for not less than ten days nor more than ninety days; and in addition shall be deemed guilty of malfeasance and gross misconduct and removed from office in the manner prescribed by law.
R.S. 42:261(A) generally provides that with the exception of the parish of Orleans and state boards and commissions domiciled at the city of Baton Rouge, the district attorneys of the various judicial districts shall serve as the regular attorneys and counsel for the parish governing authorities, parish and city school boards and every state board or commission domiciled within their respective districts. Subsection B provides that the issuance of bonds, notes or other evidences of indebtedness shall be under the supervision, control and authority of the attorney general. Notwithstanding these provisions, Subsection C permits the governing authority of any parish listed in the 1970 federal census as having a total population of between 70,000 and 80,000 to *1322 employ an attorney other than the district attorney to serve as its regular or special attorney. Subsection D makes it unlawful for any parish governing authority, school board, or state board or commission that has not been exempted by this section to employ counsel to represent it "generally," or, "except as provided in R.S. 42:263," to retain or employ any special attorney or counsel, "provided that the board of commissioners of the port of New Orleans shall select its own attorney"; this subsection also shall not apply to the board of assessors of the parish of Orleans nor to the Board of Liquidation of the City Debt. The remaining subsections of R.S. 42:261, as well as R.S. 42:261.1 and 42:261.2, single out certain other parish governing authorities, school boards and state boards and commissions and specifically accord them the right to employ general counsel other than the district attorney.
R.S. 42:263(A) prohibits a parish governing authority, levee board except as provided in Subsection B hereof, parish and city school board or other local or state board from employing special counsel to represent it in any special matter unless a "real necessity exists," made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish. Subsection B permits the governing boards of six levee districts to employ special counsel as needed and without the approval of the attorney general. R.S. 42:264 prescribes criminal penalties for members of the parish governing authorities, parish school boards, and state boards or commissions who shall violate any of the provisions of R.S. 42:261 through 42:263.
The thrust of defendants' constitutional attack is threefold. First, they contend that only some of the entities subject to the procedures set forth in R.S. 42:263 are amenable to punishment under R.S. 42:264. Defendants have been charged under R.S. 42:263(A) which prohibits a "parish governing authority, levee board, ... parish school board, city school board, or other local or state board" from employing special counsel without following the procedures described therein [emphasis added]. However, the penal provisions of R.S. 42:264 apply to members of "parish governing authorities, parish school boards, and state boards or commissions" who violate the provisions of R.S. 42:261 through 42:263 [emphasis added]. Defendants contend that the omission of levee boards, city school boards and other local boards listed in R.S. 42:263(A) from the penal provisions of R.S. 42:264 results in a disparate and unequal treatment of entities similarly situated. Second, defendants urge that the exemption of the governing boards of six levee districts in R.S. 42:263(B) from the provisions of R.S. 42:263(A) results in discriminatory application of the statute. Last, defendants contend that the entire statutory scheme of R.S. 42:261-264, having been amended so often since it was enacted in 1912 to exempt various public bodies, is, as it currently reads, vague, obscure and internally inconsistent.
Both the federal and state constitutions mandate equal protection of the laws. U.S.Const. Amend. XIV; La.Const. Art. 1, § 3 (1974). Generally, the guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. Where, as here, there is no involvement of a "suspect classification" or "fundamental right," traditional equal protection analysis sustains a classification if it is not arbitrary and bears a rational relationship to a legitimate state interest. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978); Succession of Robins, 349 So.2d 276 (La.1977); State v. Everfield, 342 So.2d 648 (La.1977). The legislature has a wide scope of discretion in enacting laws which affect some classifications of persons differently from others and it is fundamental that a statutory enactment of the legislature is presumed to be constitutional. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, supra; State v. Everfield, supra; State v. Newton, 328 So.2d 110 (La.1976). Nevertheless, where classifications are founded on no real distinctions *1323 and are clearly capricious, irrational, arbitrary or unnatural, they will be invalidated. Southland Corp. v. Collector of Revenue for the State of La., 321 So.2d 501 (La.1975). The burden is upon the party claiming the unconstitutionality to show that the classification inherent in the statute has no rational basis. State v. Everfield, supra; State v. Newton, supra; State v. Guidry, 247 La. 631, 173 So.2d 192 (1965).
We conclude that defendants met the burden of proving that, due to the infirmities inherent in R.S. 42:263 and 42:264, the instant prosecution of defendants thereunder denies them their constitutional right to equal protection of the laws. First, we agree with defendants' contention that by omitting some public bodies enumerated in R.S. 42:263 from the penal statute of R.S. 42:264, the legislature created an unreasonable, arbitrary and irrational classification of similarly situated public entities. An examination of these statutes reveals no valid state purpose for singling out levee boards, city school boards and other local boards and placing them beyond the reach of the criminal sanctions set forth in R.S. 42:264. We further find that defendants have been denied equal protection of the laws insofar as the governing boards of the six levee districts listed in R.S. 42:263(B) have been legislatively exempted from complying with the procedures set forth in R.S. 42:263(A) without a rational basis for the exemption. Moreover, we note that the entire statutory scheme of R.S. 42:261-264 is wrought with internal inconsistencies created by legislative exemptions of many state and local public bodies from the statutes' parameters. Hence, we conclude that R.S. 42:264 is unconstitutional in that it exposes those entities that have not been exempted from its penalties to unequal protection of the laws in violation of the federal and state constitutions. While finding it unnecessary to reach the constitutionality of R.S. 42:261-263, we suggest that the legislature re-examine these statutes with the view of removing any constitutional infirmities that may exist.
Since we find R.S. 42:264 unconstitutional, the indictments of defendants under R.S. 42:263 must be quashed.

DECREE
For the reasons assigned, the rulings of the trial judge denying defendants' motions to quash are reversed and set aside. Defendants' motions to quash the indictments are granted.
NOTES
[1] According to the state's brief, the remaining member of the Commission Council, Chalin O. Perez, was subsequently indicted on similar charges.
[2] R.S. 42:263 provides in pertinent part:

No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
[3] R.S. 42:264 provides:

The members of parish governing authorities, parish school boards, and state boards or commissions, who shall violate any of the provisions of R.S. 42:261 through 42:263 and any attorney or counselor who knowingly accepts prohibited employment or compensation shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars and imprisoned for not less than ten days nor more than ninety days; and in addition shall be deemed guilty of malfeasance and gross misconduct and removed from office in the manner prescribed by law.
[4] 394 So.2d 1235 (La.1980).
[5] Defendants argued that the employment of special counsel by them was within the authority granted them under Article II, Section 10 of the Plaquemines Parish Charter entitled "Legal Services" and that this provision of their charter superseded R.S. 42:263 as a result of the "exalted status" accorded to the Plaquemines Parish Charter and other pre-1974 home rule charters by La.Const. Art. 6, § 4 (1974). They argued that this latter provision of the 1974 constitution recognized the authority of home rule charters adopted prior to that constitution "except as they were inconsistent with this constitution" and since no mention was made of the state's general or statutory law, the provision of their home rule charter authorizing the hiring of legal counsel effectively superseded R.S. 42:263. Defendants also contended that since R.S. 42:264 makes a violator of R.S. 42:263 guilty of malfeasance in office (R.S. 14:134), the indictments were defective and should have been quashed because they failed to allege intent, an essential element of that crime (malfeasance).