799 So.2d 468 (2001)
STATE of Louisiana
v.
Dwayne FLEURY.
No. 2001-KA-0871.
Supreme Court of Louisiana.
October 16, 2001.
*469 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Valentin M. Solino, Harahan, Julie C. Tizzard, New Orleans, Counsel for Applicant.
Ermence DeBose-Parent, New Orleans, Counsel for Respondent.
KIMBALL, Justice.[*]
In this direct appeal, the trial court declared La. R.S. 14:67.10 unconstitutional, finding that this statute, which provides for different grades of penalties for the theft of goods from merchants than the general theft statute of La. R.S. 14:67, facially discriminates on the basis of the classification of the victim. For the reasons that follow, we conclude that La. R.S. 14:67.10 is constitutional because it furthers an appropriate state interest. The trial court's judgment is therefore reversed.

FACTS AND PROCEDURAL HISTORY
On April 17, 2000, defendant was charged by bill of information with a violation *470 of La. R.S. 14:67.10[1] for committing theft of goods by misrepresentation or taking of merchandise valued at one hundred dollars or more, but less than five hundred dollars, which were held for sale by AUNT SALLY'S INC., either without the consent of AUNT SALLY'S INC. to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. On September 15, 2000, defendant appeared for arraignment unattended by counsel and the trial court appointed the Orleans Indigent Defender Program to represent defendant for arraignment purposes only. At that time, defendant entered a plea of not guilty. On September 29, 2000, the trial court set aside the bond forfeiture and a new attorney enrolled as counsel for defendant. Defense counsel made a written motion to quash the bill of information. On October 19, 2000, the trial court heard oral argument on the motion whereby defense counsel argued that La. R.S. 14:67.10 is unconstitutional because it imposes a greater penalty for theft from a merchant than from other legal persons under La. R.S. 14:67[2]. The trial court granted the motion *471 to quash and released defendant, finding that La. R.S. 14:67.10 is unconstitutional as it denies equal protection under the law by treating merchants differently than other businesses and individuals.
Plaintiff filed notice of appeal with the Fourth Circuit and the case was transferred to this Court pursuant to La. Const. art. V, § 5(D).

LAW AND DISCUSSION
The issue presented in this appeal is whether La. R.S. 14:67.10, which provides for different grades of penalties for the theft of goods from merchants than under the general theft statute of La. R.S. 14:67, is unconstitutional because it facially discriminates based on the classification of the victim. Defendant contends that La. R.S. 14:67.10 violates the Equal Protection Clause of La. Const. art. I, § 3 because the statute affords more protection to merchants than to average citizens by providing stiffer penalties for theft from a merchant. The State, on the other hand, argues that there is no legislative classification on the face of the statute and defendant did not provide any evidence that the statute was enacted for a discriminatory purpose.
La. R.S. 14:67 provides that whoever commits the crime of theft in the amount of five hundred dollars or more shall be imprisoned for not more than ten years, or may be fined not more than three thousand dollars, or both. For the theft of three hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned for not more than two years, or may be fined not more than two thousand dollars, or both. For the theft of less than three hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined for not more than five hundred dollars, or both.[3]
In contrast, La. R.S. 14:67.10 provides that whoever commits the crime of theft of goods held for sale by a merchant in the amount of five hundred dollars or more shall be imprisoned for not more than ten years, or may be fined not more than three thousand dollars, or both. For the theft of *472 goods in the amount of one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned for not more than two years, or may be fined not more than two thousand dollars, or both. For the theft of goods in the amount of less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both.
Courts must construe statutes so as to preserve their constitutionality, when it is reasonable to do so. See Moore v. Roemer, 567 So.2d 75, 78 (La.1990); State v. Newton, 328 So.2d 110, 117 (La.1976) (on rehearing). In general, statutes are presumed to be constitutional and the party challenging the validity of the statute has the burden of proving it is unconstitutional. See Soloco, Inc. v. Dupree, 97-1256, p. 3 (La.1/21/98), 707 So.2d 12, 14; Moore v. RLCC Technologies, Inc., 95-2621, p. 7-8 (La.2/28/96), 668 So.2d 1135, 1140; Moore v. Roemer, 567 So.2d at 78. The party challenging the constitutionality of a statute must also cite to the specific provision of the constitution which prohibits the legislative action. See id. Under some circumstances, if the party challenges a statute on equal protection grounds, the burden of proof may be shifted to the proponent of the statute to prove the constitutionality of the statute depending on the level of scrutiny to be applied. See Moore v. RLCC Technologies, Inc., p. 8, 668 So.2d at 1140; Sibley v. Board of Supervisors of La. State Univ. and Agric. and Mechanical College, 477 So.2d 1094 (La.1985).
"Generally, the guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated." State v. Petrovich, 396 So.2d 1318, 1322 (La.1981). The legislature has great latitude in making laws and in creating classifications under those laws, so long as those classifications can withstand constitutional muster. See id. See also Burmaster v. Gravity Drainage Dist. No. 2 of the Parish of St. Charles, 366 So.2d 1381, 1388 (La.1978). La. Const. art. I, § 3 provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
In Sibley, this court set forth the analysis required by La. Const. art. I, § 3 in the face of a legislative classification:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.
Sibley at 1107. Under the first level of scrutiny enumerated in Sibley, the law creating the classification completely falls. See Moore v. RLLC Technologies, Inc., p. 9, 668 So.2d at 1140. Under the second level of scrutiny, the law creating the classification is prima facie proof of a denial *473 of equal protection and the proponent of the law carries the burden of proving that the classification substantially furthers an important government interest. See id., p. 9-10, 668 So.2d at 1140-1141. Under the third level of scrutiny, the law creating the classification is presumed to be constitutional and the party challenging the constitutionality of the law has the burden of proving it unconstitutional by showing the classification does not suitably further any appropriate state interest. See id., p. 11, 668 So.2d at 1141. See also Soloco, supra; Med Exp. Ambulance Service, Inc. v. Evangeline Parish Police Jury, 96-0543 (La.11/25/96), 684 So.2d 359; Manuel v. State, 95-2189 (La.3/8/96), 692 So.2d 320.
The State contends the statute at issue does not present a legislative classification on its face and, therefore, the Sibley analysis is inapplicable. However, a legislative classification is clear on the face of La. R.S. 14:67.10. The statute specifically makes a distinction based on the identity of the victim of the theft. The statute singles out those persons who take anything of value held for sale by a merchant and therefore cannot be neutral. Consequently, we find that the Sibley analysis is applicable to the facts presented by this appeal.
The basis for defendant's equal protection challenge is the assertion that La. R.S. 14:67.10 creates two classes, one group of persons who are accused of stealing anything of value between $100 and $300 from a merchant and another group of persons who are accused of stealing anything of value less than $300 from anyone else, including other businesses, thereby discriminating against one class of accuseds based on the status of the victim. While La. R.S. 14:67.10 does create a classification based on the status of the victim, such a classification is not necessarily unconstitutional. This classification based on the status of the victim, a merchant, does not discriminate because of race, religion, birth, age, sex, culture, physical condition, or political ideas or affiliations. Therefore, the classification based on the status of the victim as a merchant does not fall under the classifications enumerated in La. Const. art. I, § 3. As a result, the lowest level of scrutiny applies and defendant has the burden of proving that La. R.S. 14:67.10 does not further an appropriate state interest. Though defendant claims that La. R.S. 14:67.10 violates the equal protection clause of La. Const. art. I, § 3, he has not proved that the classification does not suitably further any appropriate state interest and therefore he has not carried his burden of proving that it is unconstitutional.
First, defendant argues that La. R.S. 14:67.10 is discriminatory on its face because it makes classifications on the basis of the status of the victim, thereby making a distinction between theft of goods from a merchant and theft from an average citizen or other business. Consequently, theft of goods from a merchant in an amount between $100 and $300 is a felony, see La. R.S. 14:67.10, while theft from anyone else, including other businesses, in an amount less than $300 is a misdemeanor, see La. R.S. 14:67. Defendant argues that such a differentiation in penalties for virtually the same crime merely based on the status of the victim does not treat alike those persons that are similarly situated. This reasoning fails because merchants and other businesses are not similarly situated when it comes to the economic problem of shoplifting. "In Louisiana, there were over four hundred million dollars stolen from retailers in 1986." See Senate Committee on Judiciary A, Minutes Meeting June 23, 1987, House Bill No. 957 by Representative Brady, p. 7. Thus, the two statutes are warranted in *474 providing dissimilar punishments against one class of accuseds based on the status of the victim as a merchant because La. R.S. 14:67.10 serves a more particular interest in protecting merchants, whose interests are more affected by a particular type of theft, shoplifting, than other businesses and individuals.
In some cases challenging laws that classify the victim based on age, a law which must sustain a higher standard of scrutiny under the second level enumerated in Sibley, we have upheld such classifications where there has been a legitimate governmental interest in safeguarding the welfare of those more needful of protection. This Court previously indicated in State v. Goode, 380 So.2d 1361 (La.1980) (finding La. R.S. 14:50.1 unconstitutional on other grounds), that the enhanced penalty triggered by La. R.S. 14:50.1 for certain crimes committed against a person sixty-five years or older, a classification based on the status of the victim, did not render the statute unconstitutional because the legislature has determined that this group of people is particularly vulnerable to crimes against the person. We also held in State v. Wilson, 96-1392 (La.12/13/96), 685 So.2d 1063, that in the case of the rape of a child under the age of twelve, the death penalty is not an excessive punishment nor is it susceptible of being applied arbitrarily and capriciously because children are a class that need special protection. This Court stated that children, a class of victims distinguished by their age, are "particularly vulnerable since they are not mature enough nor capable of defending themselves." Wilson p. 6, 685 So.2d at 1067. Thus, contrary to defendant's assertions, the fact that a statute classifies based on the status of the victim does not render it per se unconstitutional.
Furthermore, we note that courts of other states having a theft of goods statute comparable to our own have similarly concluded that such classifications based on the status of the victim are constitutionally permissible. See 64 A.L.R.4th 1088 (1988). In People v. Fix, 44 Ill.App.3d 607, 3 Ill. Dec. 328, 358 N.E.2d 726 (1976), the Illinois Appellate Court faced a challenge on equal protection grounds to a statute relating to retail theft. The defendant in that case noted that the retail theft statute only applied to theft of property from a retail mercantile establishment and therefore he argued it did not apply to all classes similarly situated. The defendant also argued that the purpose of the retail theft statute had no relation to any legitimate legislative purpose dependent upon the nature of the class of retail merchants. In support of his position, he insisted that the nature of a retail establishment is no different from that of a wholesaler or that of an owner of any other premises. The Court disagreed and stated that the manner in which a retail establishment displays its merchandise, sells its merchandise to customers, and deals with its customers distinguishes it from other types of business establishments, and therefore the retail theft statute is related to the problems of the retail business. Likewise, the Court held that the potential for misconduct by theft is significant and uniquely related to the nature of retail establishments because of the proximity between the property held for sale and customers. We similarly hold that the legislature may define crimes differently depending on the status of the victim as a merchant where, as here, it furthers an appropriate state interest.
Second, defendant argues that La. R.S. 14:67.10 does not further an appropriate state interest because it does not afford other businesses the same degree of protection for theft of their goods as it does for theft from merchants. Defendant maintains that other commercial businesses, that are not merchants, contribute *475 to the economic foundation of the community yet they are not equally protected by La. R.S. 14:67.10. Therefore, he argues that this statute does not further any state interest in protecting businesses from theft because it does not protect all businesses. We disagree. La. R.S. 14:67.10 serves to protect those businesses that are most vulnerable to theft due to the nature of their retail services. These businesses hold their goods for sale and invite the general public to enter their doors. Since the legislature has chosen to classify theft of goods from merchants as a separate offense from the general theft statute, this distinction reflects the legislature's desire to address a particular social evil, shoplifting. The legislature has recognized that shoplifting has become a very serious economic crime that affects everyone, not just merchants. See Senate Committee on Judiciary A, Minutes Meeting June 23, 1987, House Bill No. 957 by Representative Brady, p. 7. This recognition clearly furthers an appropriate state interest and defendant has failed to prove otherwise.
A classification based on the status of the victim, a merchant, does not fall within one of the enumerated classes of race, religion, birth, age, sex, culture, physical condition, or political ideas or affiliations under La. Const. art. I, § 3. Therefore, the classification created by La. R.S. 14:67.10 is subject to the lowest level of scrutiny. That is, the law is presumed constitutional and the challenging party, the defendant, has the burden of proving that the classification does not suitably further an appropriate state interest. We find that defendant did not offer any persuasive evidence to show that La. R.S. 14:67.10 does not further any appropriate state interest. Therefore, we hold that the district court's judgment declaring La. R.S. 14:67.10 unconstitutional and granting defendant's motion to quash was erroneous.

DECREE
The judgment of the district court is reversed. The case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] La. R.S. 14:67.10 provides:

A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, on his person or otherwise, goods held for sale.
(2) Alters or transfers any price marking reflecting the actual retail price of the goods.
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.
(4) Willfully causes the cash register or other sales recording device to reflect less than the actual retail price of the goods.
(5) Removes any price marking with the intent to deceive the merchant as to the actual retail price of the goods.
(6) Damages or consumes goods or property so as to render it unmerchantable.
B. (1) Whoever commits the crime of theft of goods when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft or theft of goods two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than one thousand dollars, or both.
(4) When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.
C. Notwithstanding any other provision of law, a misdemeanor offense under this Section may be the subject of a municipal ordinance.
[2] La. R.S. 14:67 provides:

A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of three hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of three hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.
D. Notwithstanding any other provision of law, a misdemeanor offense under this Section may be the subject of a municipal ordinance.
[3] It should be noted that La. R.S. 14:67 was amended in 1999 by Acts 1999, No. 1251, § 1. Before the amendment, both La. R.S. 14:67 and La. R.S. 14:67.10 provided for the same grade of penalties. The amendment to La. R.S. 14:67 changed the grade of penalty from a theft of less than $100 to less than $300 for a misdemeanor, and from a theft of between $100 and $500 to between $300 and $500 for a felony, and from a fine of $1,000 to $2,000 for two or more prior convictions. Notwithstanding this amendment, the different grade of penalties that now exists between La. R.S. 14:67 and La. R.S. 14:67.10 is of no consequence because 14:67.10 furthers an appropriate state interest.