857 So.2d 1227 (2003)
STATE of Louisiana
v.
Rhonda K. OLIVER.
No. 03-KA-416.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
Paul D. Connick, Jr. District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for State.
*1228 Bruce G. Whittaker, New Orleans, LA, for appellant.
Rhonda K. Oliver, Saint Gabriel, LA, pro se Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
STATEMENT OF THE CASE
On February 22, 2001, the defendant, Rhonda Oliver, was charged by bill of information with the February 8, 2001 theft of goods valued at between $100 and $500 from Sears in violation of LSA-R.S. 14:67.10. She was arraigned on March 26, 2001 and entered a plea of not guilty. On March 27, 2001, defendant filed pre-trial motions, including a motion to suppress the evidence, confession and identification. The hearing on the motions was set for April 16, 2001, but the defendant failed to appear for the hearing and an attachment issued. There is no indication in the record that the motions were ever heard.
Trial was held on July 31, 2001 and a six-person jury found defendant guilty as charged. The jury was polled and the verdict was declared legal. On August 6, 2001, defendant filed a motion for new trial, which was denied by the trial judge on August 22, 2001. Also on that date, defendant stated that she was ready for sentencing, and the trial judge sentenced the defendant to two years of imprisonment at hard labor with credit for time served. Thereafter, the State advised the court that it was filing a multiple bill, alleging the defendant to be a fourth felony offender under LSA-R.S. 15:529.1(A)(2)(c)(i). The defendant denied the allegations of the multiple bill.
On October 3, 2001, the court held a hearing on the multiple bill. The court found defendant to be a fourth felony offender.
At the sentencing on the multiple bill adjudication held October 10, 2001, the trial judge vacated the previous sentence and re-sentenced the defendant as a fourth felony offender to imprisonment at hard labor for 20 years, without benefit of probation or suspension of sentence but with credit for time served. LSA-R.S. 15:529.1(A)(2)(c). On that date, defendant noted an objection to the multiple offender sentence, and she notified the court of an intent to file a written motion for reconsideration of sentence and to seek an appeal. On the same date, October 10, 2001, defendant filed a written motion to reconsider sentence alleging the sentence was "excessive." The motion for reconsideration of sentence was denied by the trial court. On the same day, the defendant filed a written appeal motion, which was granted by the trial court.
FACTS
Rubystein Goins is a sales associate at Sears Oakwood in Jefferson Parish. On February 8, 2001, at approximately 5:30 p.m., Ms. Goins was working in the bedding department located on the second floor of the store adjacent to the house ware department. She was approached by a customer, later identified as Rhonda Oliver, and the customer wanted to return a Foreman Grill and a mixer. According to Ms. Oliver, she had purchased these two items at Sears Clearview, but she did not have a receipt. According to store policy, Ms. Goins issued a credit for the returned items in the form of a Sears Gift Card, which required that any purchases made with the card were to be made at a Sears store. The card was issued for the sum of approximately $400, according to Ms. Goins.
*1229 Ms. Goins later testified that she was suspicious of Ms. Oliver because of the return of two major appliances that were unaccompanied by a receipt. Because of her suspicions, Ms. Goins notified Joseph Bernard, the store's safety asset coordinator. Ms. Goins relayed to Mr. Bernard an account of the return and a description of the customer. At the time of the advisory, Mr. Bernard was located in the store's surveillance camera room where he was able to observe various locations in and outside the store. Mr. Bernard alerted the security manager, Walter Dominique. The two men watched Ms. Oliver on the surveillance cameras. Ms. Oliver was observed leaving the house ware department, going to the first floor by escalator, and exiting the store. At this time, she was carrying two bags, each containing a juicer.
Once outside the store, Ms. Oliver walked to a white vehicle parked in the adjacent lot. She placed one bag of merchandise on the ground and the second bag of merchandise in the white car. She removed the juicer from the bag that was located in the vehicle and left the juicer in the vehicle. She tore the bag and then crumpled it and placed this empty bag inside the bag containing the juicer that was located on the ground. Thereafter, Ms. Oliver returned to the store with the bagged juicer which also contained the empty bag. Ms. Oliver again returned to the house ware department.
As Mr. Bernard and Mr. Dominique watched on surveillance cameras, Ms. Oliver walked to the corner of the house ware department, removed a sign from the merchandise, and retrieved another boxed juicer. Ms. Oliver now had two juicers in bags and one of the bags was torn. She asked Ms. Goins for a new bag in order to replace the torn one. Ms. Oliver presented the sales associate with a receipt, which indicated that two juicers had been purchased that day for $179.99 each, using a gift card.
Using the previously taken path, Ms. Oliver left the department, stepped onto the escalator to reach the first floor, and walked in the direction of the exit to the parking lot. Mr. Dominique confronted Ms. Oliver before she exited the store. Ms. Oliver asked Mr. Dominique whether she had done something wrong, and Mr. Dominique asked her to accompany him to the security office. Ms. Oliver did so and she was questioned about the newly acquired juicer. Ms. Oliver told Mr. Dominique she had purchased the juicer; however, she was not able to produce a receipt. Jefferson Parish Sheriff's Office was called and an officer arrived at the scene. Ms. Oliver agreed to a search of her vehicle. Two juicers were seized from the vehicle. The third juicer was returned to the store. That item was photographed and returned to the sales shelf. Thereafter, Ms. Oliver was arrested and charged with theft.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant alleges that the sentence imposed is excessive. The State replies that defendant was given the minimum sentence under the applicable multiple offender provision and there has been no showing that such a sentence constitutes an abuse of discretion.
Defendant was sentenced as a fourth felony offender to 20 years of imprisonment at hard labor without benefit of probation or suspension of sentence. She lodged an objection to the sentence and filed a written motion for reconsideration of sentence. In the motion for reconsideration, she alleged, as she does on appeal, that the sentence is "excessive."
On appeal, defendant argues that she was essentially given a 20-year sentence *1230 for shoplifting an item worth $179 from a "special interest" victim (i.e., Sears) and had the same crime been committed against a person, it would have merely been a misdemeanor theft, not a felony, with multiple bill consequences.
This argument was not presented to the trial court at the time of defendant's objection, nor was it urged in the written motion for reconsideration of sentence. It is presented for the first time on appeal.
LSA-C.Cr.P. art. 881.1 governs motions to reconsider sentence and provides, in pertinent part, as follows:
Art. 881.1. Motion to reconsider sentence
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion, on appeal or review.
Hence, failure to raise the issue in the trial court precludes defendant from raising the issue for the first time on appeal. LSA-C.Cr.P. arts. 881.1, 841; State v. Brooks, 00-953 c/w 00-954, p. 8 (La.App. 5 Cir. 2/11/03), 841 So.2d 854, 858, citing State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855, writ denied, (La.11/24/99), 750 So.2d 980 and State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 967-968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
As such, this argument by defendant presented for the first time on appeal is not subject to review by this Court.
Since the sole issue raised in the district court was that the sentence imposed was "excessive", the sentence will be reviewed for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is excessive if it is grossly disproportionate to the seriousness of the offense so as to shock our sense of justice, or if it imposes needless and purposeless pain and suffering. State v. Weaver, 01-467, p. 21 (La.1/15/02), 805 So.2d 166, 174, citing State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Harbor, 01-1261, p. 6 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 226.
The legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. State v. Weaver, supra; State v. Williams, 97-970, p. 6 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086, 1088. The penalties provided by the legislature reflect the degree to which the criminal conduct offends society and the courts must apply these penalties unless they are found to be unconstitutional. State v. Weaver, supra; State v. Williams, supra.
The Louisiana Supreme Court has found the shoplifting statute LSA-R.S. 14:67.10, which provides different grades of penalties than the general theft statute, to be constitutionally valid. State v. Fleury, 01-871 (La.10/16/01), 799 So.2d 468.
The Habitual Offender Law in its entirety has been found constitutional and, accordingly, the minimum sentences it imposes are likewise presumed to be constitutional. LSA-R.S. 15:529.1; State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, citing State v. Dorthey, 623 So.2d 1276 (La.1993).
In this case, the defendant was found to be a fourth felony offender under the Habitual Offender Statute. LSA-R.S. 15:529.1(A)(1)(c)(i). The punishment for *1231 conviction as a fourth felony offender is defined, in pertinent part, as follows:
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less that his natural life then:
The person shall be sentenced ... for a determinate term not less than the longest prescribed for a first conviction, but in no event less than twenty years and not more than his natural life[.]
In the case of theft of goods, when the misappropriation or taking amounts to a value of $100 or more, but less than a value of $500, the offender shall be imprisoned with or without hard labor for not more than two years or may be fined not more than $2000, or both. LSA-R.S. 14:67.10.
The sentencing range for a fourth felony offender in such an instance as this is between two and 20 years of imprisonment. LSA-R.S. 15:529.1(A)(1)(c)(i). This defendant received a sentence of 20 years imprisonment for this, her fourth felony offense. This sentence is within the statutory sentencing range.
The present sentence is not grossly disproportionate to the offense under the facts presented. The record in the present case appears to indicate the defendant was engaged in a scheme, wherein she stole large house ware items from local retailers. The defendant's conduct in the instant case suggests that, but for the vigilant surveillance of the store personnel, defendant would have stolen more house ware items from this retailer. Besides the economic impact on the merchant, these instances of shoplifting also exact an economic toll on the public at large. See, State v. Fleury, 799 So.2d at 475.
Additionally, the record indicates that at least two of defendant's underlying felony offenses, used for enhancement in this case, were also felony theft convictions (i.e., one for merchant theft between $100 and $500 and one for general theft over $500). Although convicted twice before for theft, she continued to engage in this illegal activity. The right of states to enact more onerous penalties for those who cannot bring their conduct within social norms has been sanctioned by the Supreme Court. See, Solem v. Helm, 103 S.Ct. at 3013; Rummel v. Estelle, 100 S.Ct. at 1136. Defendant also had a third conviction for cruelty to a juvenile, wherein she was convicted of beating her three-year-old child with an electrical cord. Defendant appears to be the type of recidivist offender the legislature contemplated in enacting harsher penalties for multiple felony offenses.
Under these circumstances, the 20-year sentence imposed upon defendant as a fourth felony offender does not appear to be excessive. Therefore, we affirm the defendant's sentence to 20 years imprisonment at hard labor as a fourth felony offender.
ASSIGNMENT OF ERROR NUMBER TWO
As her second assignment of error, the defendant requests an error patent review. The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors patent in this case.
In accordance with the above, we affirm the defendant's sentence to 20 years imprisonment at hard labor as a fourth felony offender.
AFFIRMED.