CLARENCE E. McMANUS, Judge.
 

 |2In this appeal, we consider defendant’s allegations of error raised in her pro se brief, which were not considered in defendant’s original appeal. In addition we consider the issues raised in defendant’s two writ applications, no. 09-KH-710 and no. 09-KH-711. For the reasons that follow, we find no merit to defendant’s allegations of error and re-affirm defendant’s conviction and sentence. We further deny defendant’s applications for writs.
 

 PROCEDURAL HISTORY
 

 Defendant, Rhonda Oliver, was found guilty by a jury of theft of goods valued at $100.00 or more, but less than $500.00, a violation of LSA-R.S. 14:67.10. On October 10, 2001, the trial court sentenced her as a habitual offender to 20 years imprisonment at hard labor without benefit of probation or suspension of sentence.
 
 State v. Oliver,
 
 03-416 (La.App. 5 Cir. 9/30/03), 857 So.2d 1227. This Court affirmed defendant’s conviction and sentence on appeal.
 
 Id.
 
 In its opinion, this Court ruled on defendant’s counseled assignments of error, but did not address the two additional assignments in defendant’s
 
 -pro se
 
 brief, filed on July 18, 2003. Defendant filed an untimely writ application in the Louisiana Supreme Court. The Supreme Court treated the writ as an application for post-conviction relief and denied it.
 
 State ex rel. Oliver v. State,
 
 04-2139 (La.5/20/05), 902 So.2d 1042.
 

 
 *948
 
 |s0n August 1, 2008, defendant filed with this Court pro se writ application no. 08-KH-639, in which she challenged a district court ruling denying her motion to correct an illegal sentence. In that writ application defendant claimed, in part, that this Court had failed to consider the supplemental
 
 'pro se
 
 assignments in her original appeal. This Court consolidated writ no. 08-KH-639 with writ no. 08-WR-901, pertaining to a
 
 Cordero
 

 [1]
 

 review of this Court’s rulings on several writs defendant filed prior to May 21, 2007. Thereafter, this Court granted the consolidated writ in part, recognizing that it had failed to consider defendant’s timely filed
 
 pro se
 
 assignments of error in its original appeal opinion, and allowing appellate review of those allegations that defendant had raised in her pro se appellate brief.
 
 State ex rel. Oliver v. State,
 
 08-WR-901 C/W 08-KH-639, (La.App. 5 Cir. 3/18/09)(unpublished writ),
 
 order issued
 
 (La.App. 5 Cir. 4/29/09).
 

 In addition, on August 25, 2009, relator filed two pro se writ applications, no. 09-KH-710 and no. 09-KH-711. By order dated September 21, 2009, these writ applications were consolidated with this appeal for review.
 

 FACTS
 

 The facts of this case are taken from this Court’s original opinion:
 

 Rubystein Goins is a sales associate at Sears Oakwood in Jefferson Parish. On February 8, 2001, at approximately 5:30 p.m., Ms. Goins was working in the bedding department located on the second floor of the store adjacent to the house ware department. She was approached by a customer, later identified as Rhonda Oliver, and the customer wanted to return a Foreman Grill and a mixer. According to Ms. Oliver, she had purchased these two items at Sears Clear-view, but she did not have a receipt.
 

 According to store policy, Ms. Goins issued a credit for the returned items in the form of a Sears Gift Card, which required that any purchases made with the card were to be made at a Sears store. The card was issued for the sum of approximately $400, according to Ms. Goins.
 

 Ms. Goins later testified that she was suspicious of Ms. Oliver because of the return of two major appliances that were ^unaccompanied by a receipt. Because of her suspicions, Ms. Goins notified Joseph Bernard, the store’s safety asset coordinator. Ms. Goins relayed to Mr. Bernard an account of the return and a description of the customer. At the time of the advisory, Mr. Bernard was located in the store’s surveillance camera room where he was able to observe various locations in and outside the store. Mr. Bernard alerted the security manager, Walter Dominique. The two men watched Ms. Oliver on the surveillance cameras. Ms. Oliver was observed leaving the house ware department, going to the first floor by escalator, and exiting the store. At this time, she was carrying two bags, each containing a juicer.
 

 Once outside the store, Ms. Oliver walked to a white vehicle parked in the adjacent lot. She placed one bag of merchandise on the ground and the second bag of merchandise in the white car. She removed the juicer from the bag that was located in the vehicle and left the juicer in the vehicle. She tore the bag and then crumpled it and placed this empty bag inside the bag containing the juicer that was located on the ground. Thereafter, Ms. Oliver returned to the store with the bagged juicer which also contained the empty bag. Ms. Oliver
 
 *949
 
 again returned to the house ware department.
 

 As Mr. Bernard and Mr. Dominique watched on surveillance cameras, Ms. Oliver walked to the corner of the house ware department, removed a sign from the merchandise, and retrieved another boxed juicer. Ms. Oliver now had two juicers in bags and one of the bags was torn. She asked Ms. Goins for a new bag in order to replace the torn one. Ms. Oliver presented the sales associate with a receipt, which indicated that two juicers had been purchased that day for $179.99 each, using a gift card.
 

 Using the previously taken path, Ms. Oliver left the department, stepped onto the escalator to reach the first floor, and walked in the direction of the exit to the parking lot. Mr. Dominique confronted Ms. Oliver before she exited the store. Ms. Oliver asked Mr. Dominique whether she had done something wrong, and Mr. Dominique asked her to accompany him to the security office. Ms. Oliver did so and she was questioned about the newly acquired juicer. Ms. Oliver told Mr. Dominique she had purchased the juicer; however, she was not able to produce a receipt. Jefferson Parish Sheriffs Office was called and an officer arrived at the scene. Ms. Oliver agreed to a search of her vehicle. Two juicers were seized from the vehicle. The third juicer was returned to the store. [
 
 2
 
 ] That item was photographed and returned to the sales shelf. Thereafter, Ms. Oliver was arrested and charged with theft.
 

 ¡¿State v. Oliver,
 
 03-416 at 2-5, 857 So.2d at 1228-29.
 

 APPEAL
 

 In her first pro se assignment of error, the defendant alleges that the trial court erred by allowing one of the items seized from the appellant[’]s car during the unlawful search to be admitted before the jury throughout the trial. Defendant argues the improperly admitted evidence, regarding a “third juicer” or “other juicer,” was seized in an unlawful search of her car. The State responds that defendant is not entitled to relief because she failed to preserve the issue for appeal.
 

 Defendant filed a pre-trial motion to suppress evidence, but the record does not indicate that the motion was ever heard.
 
 State v. Oliver,
 
 03-416 at 2, 857 So.2d at 1228. A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pretrial motions were neither heard nor ruled on.
 
 State v. Fletcher,
 
 02-707, p. 5 (La. App. 5 Cir. 12/30/02), 836 So.2d 557, 559,
 
 writ denied,
 
 03-0409 (La.10/10/03), 855 So.2d 334.
 

 A review of the trial proceedings reflects that there was mention throughout the trial of all three juicers involved in the incident. Even defense counsel, in his opening statement, referred to the juicer defendant put in her car. Defendant did not object to any references to the juicers until the testimony of Walter Dominique, the State’s last witness. Under LSA-C.Cr.P. art. 841, “[a]n irregularity of error
 
 *950
 
 cannot be availed of after verdict unless it was objected to at the time of occurrence.”
 

 During Mr. Dominique’s testimony, defendant objected to the mention of items seized from her vehicle after she was apprehended. Specifically, the prosecutor asked Mr. Dominique what, if anything, he saw in defendant’s vehicle during his investigation of the incident. Mr. Dominique responded, “There were several items of Sears | (¡merchandize [sic] that had Sears tags on it, mostly small appliances like mixers, George Foreman Grills.” Defense counsel objected and stated, out of the jury’s hearing,
 

 My objection is that they go out to the car and they find numerous items other than the juicers, none of which are stolen, although the report tries to infer that there’s something illegal or stolen about it. To my knowledge, it is not the subject of this trial, so the inference is that perhaps there’s something illegal and improper about these items being in the car, which is what the report basically intimates. Judge, it just doesn’t come in because it’s not the subject of this trial. It’s bringing in other evidence. And if it is not, then what’s the purpose of bringing it in? If he’s going to say he went out and recovered one juicer because that’s all there could have been out there since she brought back one with her that was already paid for, but these other items are paid for as far as we know.
 

 The trial judge ordered an evidentiary hearing, out of the jury’s presence, regarding whether the search of defendant’s vehicle in the parking lot of Oakwood Mall was lawful, and consequently, whether the evidence found in the car was admissible. Mr. Dominique testified he was present when the evidence was located in defendant’s car. Some of it was in the passenger area of the car, and some of it was in the trunk. He looked through the car’s windows and saw some of the items. Mr. Dominique saw defendant hand her car keys to a deputy, and then officers searched the vehicle. Mr. Dominique said he did not search the car himself, nor did he seize any items from the car. He testified all of the property taken from the car was photographed and turned over to the Jefferson Parish Sheriffs Office. The only item the store kept was “the last juicer when she came in the store and picked it up and put it in the bag.” Mr. Dominique further testified that he did not know whether police seized the items from the car before or after defendant signed a “consent to search” form.
 

 The judge ruled:
 

 I’m not going to allow this evidence before the jury. I do not find that the constitutionality of the search has been established through this witness. The search was not one of his own. There’s a question as to when the consent was given and under what circumstances and that must be established by the police officer. I have not ruled that it is inadmissible. I am ruling that it is not by this |7witness. I further find that his presence at the car was provoked by the police who were on the way out to search the vehicle. Had he gone out on his own and viewed it through that window, I would have allowed it, but he went out with the police officers who had obtained consent presumably by this witness — I mean by the defendant. Until such time as that is established, that evidence will not be admitted before the jury, and the defense’s objection is sustained.
 

 At the conclusion of the hearing, the jury returned to the courtroom, and the judge instructed them to “disregard any testimony by [Mr. Dominique] of items that he viewed inside the defendant’s vehicle.” The prosecutor continued question
 
 *951
 
 ing Mr. Dominique regarding the last juicer defendant picked up in the store. Mr. Dominique testified that he photographed the “third juicer” and put it back on the sales floor. He stated that the “other juicer” (assumedly the second one in defendant’s possession when Mr. Dominique stopped her) was taken by the police department. Defendant did not object to that testimony, nor did she object to the admission of State’s Exhibit 3, a photograph of the juicer that Mr. Dominique returned to the sales floor. As the judge ordered, the State did not attempt to elicit any further testimony regarding the search of the car. The jury did not hear any testimony — either before or after defendant’s objection — about the seizure of a juicer from defendant’s vehicle.
 

 Based on the foregoing, defendant fails to show the trial court erred. This allegation of error has no merit.
 

 In her second pro se allegation of error defendant argues that her conviction was obtained in violation of the equal protection clause of the Louisiana Constitution, Article 1 § 3. Defendant argues LSA-R.S. 14:67.10 is unconstitutional because it establishes different grades of penalties for the theft of goods from merchants than the general theft statute, LSA-R.S. 14:67, does for theft from other businesses and private persons. She points out that under LSA-R.S. 14:67, the $179.00 theft for which she was prosecuted would have been classified as a misdemeanor; and that under LSA-R.S. 14:67.10, she was charged with a felony. Consequently, she was subject to an enhanced sentence as a [shabitual offender. The State responds that the Louisiana Supreme Court has addressed this issue, and has found that LSA-R.S. 14:67.10 does not violate equal protection.
 
 [3]
 

 A statute is presumed constitutional and the burden of proving a claim of unconstitutionality rests upon the party attacking the statute.
 
 State v. Interiano,
 
 03-1760, p. 4 (La.2/13/04), 868 So2d 9, 13. The constitutionality of a statute cannot be raised for the first time on appeal; it must first be presented in the trial court.
 
 Williams v. State, Dept, of Health and Hospitals,
 
 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901;
 
 State v. Miekel,
 
 07-47, p. 15 (La.App. 5 Cir. 5/29/07), 961 So.2d 516, 526,
 
 writ denied,
 
 07-1422 (La.1/7/08), 973 So.2d 732. A party contesting the constitutionality of a statute has a three-tiered burden: 1) the presentation must be made in the trial court; 2) the claim of unconstitutionality must be specially pleaded; and 3) the grounds for the claim must be particularized.
 
 Williams,
 
 95-0713 at 4-5, 671 So.2d at 902;
 
 Miekel, supra.
 
 In this case, defendant did not raise the constitutionality issue in the trial court. Accordingly, the question of constitutionality is not properly before this Court and should not be addressed. See
 
 State v. Miekel,
 
 07-47 at 16, 961 So.2d at 526-27.
 

 Defendant’s argument also fails on the merits. At the time of defendant’s offense, LSA-R.S. 14:67.10 B(2) provided that theft of goods valued at $100.00 or more, but less than $500.00, was a felony punishable by imprisonment, with or without hard labor, for not more than two years. Under LSA-R.S. 14:67 B(3), a misappropriation or taking amounting to less than $300.00 was a misdemeanor punishable by imprisonment for up to six months. In
 
 State v. Fleury,
 
 01-0871 (La.10/16/01), 799 So.2d 468, the Louisiana Supreme Court, under facts similar to those in the instant case, rejected the defendant’s argument that LSA-R.S. 14:67.10 is
 
 *952
 
 ^unconstitutional
 
 [4]
 
 . For the reasons expressed by the supreme court in
 
 Fleury,
 
 the sentencing scheme of LSA-R.S. 14:67.10 does not violate equal protection. This
 
 pro se
 
 assignment of error lacks merit.
 

 WRIT APPLICATIONS
 

 The instant writ applications originated from a July 9, 2008 district court ruling denying relator’s “Motion to Correct Illegal Sentence/Motion Requesting Retroactive Application of Recent Enactment of LSA-R.S. 14:67.10(2).” In her motion, relator complained she was convicted and sentenced as a felon under the version of LSA-R.S. 14:67 B(2) in effect at the time of her offense. That subpart has since been amended, and the theft of which relator was convicted would now be a misdemeanor-grade offense. Under the current version of the statute, relator argued, she could not be sentenced as a habitual offender. Relator moved the district court to apply the more recent version of the statute to her case retroactively. Relator also argued that this Court had failed to rule on the pro se assignments of error she filed with her original appeal.
 

 In her prior pro se writ application, no. 08-KA-639, relator made two claims: 1) the sentencing amendment to LSA-R.S. 14:67.10 B(2) should be applied retroactively to her 2001 sentence, and 2) this Court failed to consider her supplemental pro se assignments in her original appeal. In short, relator argued she was entitled to retroactive application of the revised sentencing provision because her sentence was not final. She claimed her sentence was not final because this Court failed to rule on the issues she raised in her pro se supplemental brief. As stated earlier, this court granted |tn08-KH-639 c/w 08-WR-901 and set aside the trial court’s ruling, and provided for docketing of defendant’s pro se allegations of error.
 

 When it vacated the district court’s July 9, 2008 ruling, the writ panel did not address the merits of relator’s retroactivity claim. We believe that the writ panel intended to refer that claim to the merits of relator’s pro se appeal assignments.
 

 In the current two writ applications, relator points out that there is now no ruling on her motion to correct illegal sentence. She apparently wants this Court to rule in her favor on the merits of her retroactivity claim, and to order the district court to cany out such ruling. In order to reach the merits of the retroactivity claim, we recognize the district court’s ruling of July 9, 2008, denying retroactive application of the sentencing changes to LSA-R.S. 14:67.10 B(2).
 

 Relator committed the offense at issue on February 8, 2001. The theft involved goods valued at $179. At that time, LSA-R.S. 14:67.10 B(2) provided:
 

 When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of
 
 *953
 
 five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.
 

 Relator’s crime was thus categorized as a felony.
 

 The theft of goods statute was amended in 2006 so that LSA-R.S. 14:67.10 B(3) now provides, in pertinent part, “When the misappropriation or taking amounts to less than a value of three hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than five hundred dollars, or both.” As relator points out, theft of goods valued at $179.00 is a misdemeanor under the current version of the statute.
 

 It is well established that the applicable sentencing scheme is the one in effect at the time the offense is committed.
 
 State v. Sugasti,
 
 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520;
 
 State v. Bellow,
 
 08-259, p. 20 (La.App. 5 Cir. 7/29/08), 993 So.2d 307, 318,
 
 writ denied,
 
 08-2109 (La.4/13/09), 5 So.3d 162. The Louisiana Supreme Court has held that the “mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute.”
 
 State v. Narcisse,
 
 426 So.2d 118, 130 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). Relator points to nothing in the enacting legislation or in the amended statute that indicates the new sentencing provisions should be applied to her retrospectively. Based on the foregoing, we deny defendant’s applications for writs.
 

 For the above discussed reasons, we affirm defendant’s conviction and sentence. We further deny relief in writ applications no. 09-KH-710 and no. 09-KH-711.
 

 CONVICTION AND SENTENCE AFFIRMED; APPLICATIONS FOR WRITS DENIED.
 

 [1]
 

 .
 
 State
 
 v.
 
 Cordero,
 
 08-1717 (La.10/3/08), 993 So.2d 203.
 

 [2]
 

 . The surveillance tape from Sears (State’s Exhibit 1) shows defendant put one juicer in her car, and that she was carrying two juicers when she was apprehended by Mr. Dominique. The trial testimony of the Sears employees also indicates defendant had two juicers with her when she was stopped by Mr. Dominique, and that she was seen placing only one juicer in her vehicle. There seems to have been some confusion about this at trial. During a bench conference, both the judge and defense counsel stated that they understood there was one juicer in the car and two with defendant. But the prosecutor disputed that, stating two juicers were seized from the car. The prosecutor’s assertion does not seem to be supported by the evidence.
 

 [3]
 

 . Since defendant, in her second pro se assignment, challenges the constitutionality of a state statute, this court sent notice by certified mail to the Louisiana Attorney General’s Office in accordance with LSA-R.S. 13:4448.
 

 [4]
 

 . The defendant in
 
 Fleury
 
 argued LSA-R.S. 14:67.10 is discriminatory on its face because it provides classifications based on the victim's status, distinguishing between theft of goods from a merchant and theft from another type of business or an average citizen. The Supreme Court rejected the defendant's argument, reasoning that the dissimilar punishments based on the status of the theft victim were warranted because a merchant is more affected by a particular type of theft, i.e., shoplifting, than are other businesses or individuals.
 
 Fleury,
 
 01-0871 at 8, 799 So.2d at 473-74. The defendant in
 
 Fleuiy
 
 also argued that LSA-R.S. 14:67.10 does not further an appropriate state interest because it does not protect other businesses from theft to the extent that it protects retail merchants. The Supreme Court rejected that argument too, noting that the greater penalties under LSA-R.S. 14:67.10 reflect “the legislature's desire to address a particular social evil, shoplifting.”
 
 Fleury,
 
 01-0871 at 10, 799 So.2d at 475.