615 So.2d 975 (1993)
Owen GUILLORY
v.
Shawn P. GUILLORY, As Minor By and Through Jacqueline ARCENEAUX, his Natural Tutor.
No. 92 CA 0051.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Rehearing Not Considered, Not Timely Filed April 28, 1993.
Mark McTernan, McTernan and Parr, New Orleans, for petitioner.
A.F. Benoit, Asst. Atty. Gen., La. Dept. of Justice, New Orleans, for the State.
*976 Andrew Reed, Aycock, Horne & Coleman, Morgan City (Court appointed), for Shawn Guillory.
Rebecca M. Kirk, Acadiana Legal Service Corp., Lafayette, for Jacqueline Arceneaux and Shawn Guillory.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Plaintiff, Owen Guillory, appeals the granting of defendant, Jacqueline Arceneaux's motion for summary judgment dismissing his suit for declaratory judgment, injunctive relief[1] and action en desaveu.

FACTS
Plaintiff, Owen Guillory, married Jacqueline Arceneaux on November 1, 1975. On September 2, 1977, a child was born into the marriage. On or about May 24, 1979, plaintiff left the matrimonial domicile. Thereafter, plaintiff's wife filed a petition for legal separation on June 8, 1979. On October 1, 1979, Mr. Guillory answered her petition and reconvened for an immediate divorce based on adultery. The answer admitted that there was one child of the marriage and requested visitation rights with the child; the reconventional demand specifically alleged that the plaintiff in reconvention was aware of an affair that his wife was having several months before he left the matrimonial domicile on May 24, 1979. By judgment dated August 11, 1980, Mr. Guillory was ordered to pay the sum of $300.00 per month in child support and maintain a policy of medical insurance. Mr. Guillory was thereafter granted a divorce by judgment dated April 15, 1980.
On October 29, 1990, Mr. Guillory filed suit seeking an annulment of the judgment of divorce on the grounds of fraud and ill practices, also seeking injunctive relief of the order to pay child support. The plaintiff simultaneously filed the instant suit for a declaratory judgment and injunctive relief and an action en desaveu alleging that he is not the biological father of the child. The defendant filed the peremptory exception of no cause of action and thereafter filed a motion for summary judgment. The trial court granted defendant's motion for summary judgment. Plaintiff appeals the dismissal of his suit alleging that the trial court erred as a matter of law in determining that he is prohibited from litigating the paternity of the child 13 years after his birth.
LSA-C.C. art. 184 provides that "[t]he husband of the mother is presumed to be the father of all children born or conceived during the marriage." However, this presumption is rebuttable by virtue of LSA-C.C. art. 187 which provides:
The husband can disavow paternity of a child if he proves by a preponderance of the evidence, facts which reasonably indicate that he is not the father. However, these facts must be susceptible of independent verification or of corroboration by physical data or evidence such as scientific tests and verifiable physical circumstance of remoteness, including but not limited to any one of the following:
(1) Negative blood tests.
(2) Unmatched DNA prints.
(3) Sterility.
(4) Physical impossibility because of location during the time of conception.
(5) Any other scientific or medical evidence which the court may deem relevant under the circumstances.
Nevertheless, the ability to bring an action to disavow is limited by LSA-C.C. art. 189 which provides:
A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.
The plaintiff filed this action to disavow paternity on October 29, 1990. His action was filed 13 years after the birth of the child. Therefore, the plaintiff's right to *977 disavow paternity was extinguished at the time he filed his action, unless, "for reasons beyond his control," he was prevented from filing his suit timely.
Apparently the plaintiff does not dispute the trial court's conclusion that he failed to put at issue any material facts concerning the reasons he failed to timely file suit; nor does he dispute the court's conclusion that the plaintiff was not prevented from filing his suit timely because of reasons beyond his control. Instead, the plaintiff focuses on the constitutionality of the legal presumption of paternity and the time limitations in which a presumed father may file suit to disavow. He argues that the State of Louisiana can assert no legitimate state interest in maintaining the legal fiction set forth in LSA C.C. art. 184. Plaintiff further argues that the existence of DNA genetic screening tests, which are 100% accurate, make the use of Article 184 arbitrary and capricious and therefore a violation of his due process rights under the state and federal constitutions. Plaintiff further alleges that the six month prescriptive period contained in LSA-C.C. art. 189 is unreasonable, arbitrary, and a denial of his due process rights and his right of access to the courts.
Historically, the presumption of the husband's paternity was labeled "the strongest presumption in law." Smith v. Jones, 566 So.2d 408, 410 (La.App. 1st Cir. 1990), quoting Spaht & Shaw, The Strongest Presumption Challenged: Speculations on Warren v. Richard and Succession of Michell, 37 La.L.Rev. 59 (1976). In order to protect innocent children against attacks upon their paternity, the law prohibits disavowal of paternity except within extremely narrow limits and then only if done promptly after the birth of the child. Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972). Because of the social and legal stigmas which attach to illegitimacy, our jurisprudence has established an unwavering dedication to the rule of strict construction of the articles governing disavowal actions. Pounds v. Schori, 377 So.2d 1195, 1200 (La.1979). The presumption of paternity is so strong that it cannot be affected by subsequent proof of the child's actual biological tie. Smith v. Cole, 553 So.2d 847 (La.1989).
We believe that the rebuttable presumption of paternity found in LSA-C.C. art. 184 is rationally related to this state's vital interest in preserving the integrity of the family unit, and avoiding the stigma of illegitimacy. Williams v. Williams, 587 So.2d 112 (La.App. 2d Cir.1991).[2] Accordingly, we find no violation of plaintiff's rights which are guaranteed by the United States Constitution or the Louisiana Constitution.
We further believe that the plaintiff's arguments regarding the constitutionality of the time limitations set forth in LSA-C.C. art. 189 are without merit. The test for determining the constitutional validity of a limitation statute is whether it allows a reasonable time for the assertion of the right or the enforcement of the obligation; the legislature is primarily the judge of the reasonableness of the time allowed. Atchafalaya Land Co. v. F.B. Williams Cypress Co., 146 La. 1047, 1064, 84 So. 351 (1920), affirmed, 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559 (1922). See also Villescas v. T.J. Ward Gen. Contractors, Inc., 504 So.2d 641 (La.App. 4th Cir.1987). Unless the time allowed is so short as to amount to a denial of justice, the courts will not interfere. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950).
Given the importance of early determination of the legal status of a child, the resultant disinherison accompanying a successful disavowal action, as well as the emotional trauma for the child, we believe that the time limitation expressed in LSA-C.C. art. 189 is reasonable for all parties concerned. See Williams v. Williams, 587 So.2d 112.
*978 For these reasons we affirm the dismissal of plaintiff's suit at his costs.
AFFIRMED.
GONZALES, J., concurs.
NOTES
[1] Because the plaintiff failed to post a bond, the trial court dismissed his claim for injunctive relief. The plaintiff does not assign as error the dismissal of this claim.
[2] We note that California's conclusive marital presumption withstood constitutional attack in Michael H. v. Gerald D., 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989), wherein the court held that the state's conclusive marital presumption defeated the rights of an alleged biological father to assert his paternity.