666 So.2d 636 (1996)
The BOARD OF COMMISSIONERS OF the NORTH LAFOURCHE CONSERVATION, LEVEE AND DRAINAGE DISTRICT
v.
The BOARD OF COMMISSIONERS OF the ATCHAFALAYA BASIN LEVEE DISTRICT.
No. 95-CA-1353.
Supreme Court of Louisiana.
January 16, 1996.
Rehearing Denied February 16, 1996.
*637 Denise Adams Allemand, Larose, for Applicant.
William C. Dupont, Plaquemine, for Respondent.
KIMBALL, Judge.[*]

ISSUE
A district court has declared Act 876 of 1992 providing for the creation of the North Lafourche Conservation, Levee and Drainage District (NLCLDD) and providing for the transfer of funds thereto from other levee districts to be unconstitutional. On direct appeal to this court, we find the legislature has violated La. Const. Art. VI, Sec. 38 by creating the NLCLDD geographically on top of two previously existing levee districts already serving the same purposes.

FACTS
The Atchafalaya Basin Levee District (ABLD) was created by Act 97 of 1890. Its territorial jurisdiction is presently set forth in La.R.S. 38:291(A)(1). The North Lafourche Conservation, Levee and Drainage District (NLCLDD) was created by the legislature by Act 876 of 1992. The territorial jurisdiction of the NLCLDD is set forth in La.R.S. 38:291(T)(1)(a). According to Joint Exhibit "A", the geographical jurisdiction of the NLCLDD is totally contained within the boundaries of two previously existing levee districts which are adjacent to each other, the ABLD and the Lafourche Basin Levee District (LBLD).[1] In other words, certain portions of the ABLD and the LBLD are *638 overlapped by the jurisdiction of the NLCLDD.
Act 876 of 1992 creating the NLCLDD also provided for the amendment to La.R.S. 38:333, which is the main statute at issue in this case. It provides in part:
It is recognized that there are two other levee districts which are located in part within the same territory as that comprising the South Lafourche Levee District and the North Lafourche Conservation, Levee and Drainage District, namely the Lafourche Basin Levee District and the Atchafalaya Basin Levee District. It is further recognized that the four said levee districts have overlapping jurisdiction, functions, and powers. To partially relieve the Lafourche Basin Levee District and the Atchafalaya Basin Levee District of the responsibility for providing protection of the lands in the portions of their respective districts contained within Lafourche Parish from tidal overflow and from unusual weather conditions such as hurricanes, the board of commissioners of each of said districts shall transfer annually to the board of commissioners of the South Lafourche Levee District and board of commissioners of the North Lafourche Conservation, Levee and Drainage District the hereinafter specified sums of money from the funds of their respective districts on or before the first day of May. The amount to be transferred annually by the board of commissioners of the Atchafalaya Basin Levee District shall equal the net avails of a levy of a levee district tax upon all lands within its district in the amount of one-half mill on the dollar of assessed valuation, after deduction of the costs of collection of such a tax; however, the amount so transferred annually shall not exceed in any one year the sum of one hundred thousand dollars to the South Lafourche Levee District and the sum of one hundred thousand dollars to the North Lafourche Conservation, Levee and Drainage District.
Relying on the provisions of La.R.S. 38:333, the NLCLDD filed suit in the 18th Judicial District Court against the ABLD requesting the payment of $100,000.00 under the statute. The ABLD responded to the suit by alleging Act 876 of 1992 and La.R.S. 38:333 as amended thereunder were unconstitutional and unenforceable on the following grounds: (1) because notice of intent was not published or contained in the bill in violation of La. Const. Art. III, Sec. 13 as required for local and special legislation; (2) because the Act impaired existing obligations and contracts of the ABLD in violation of La. Const. Art. I, Sec. 23 and Art. VI, Sec. 38 as well as the corresponding provisions of the United States Constitution; (3) because it authorized substantive taxation in all or part of the ABLD in excess of the constitutional maximum as set out in La. Const. Art. VI, Sec. 39(A) and Art. VII, Sec. 23; (4) because it violated the due process and equal protection provisions of the Louisiana and United States Constitutions; (5) because it exceeded the authority vested in the legislature by La. Const. Art. VI, Secs. 38 and 39; and (6) because it violated the provisions of La. Const. Art. VII, Sec. 14 prohibiting the donation or lending of public funds. The ABLD alternatively argued that the amount demanded under the statute was incorrectly calculated.
After a trial on the merits, the judge held in favor of the ABLD, specifically finding Act 876 of 1992 unconstitutional in that it authorizes substantive taxation in excess of the constitutional maximum as set out in La. Const. Art. VI, Sec. 39(A) and violates the equal protection provisions of the Louisiana and United States Constitutions.
Pursuant to La. Const. Art. V, Sec. 5(D), a case shall be directly appealable to this court if a law has been declared unconstitutional. Because we find Act 876 of 1992 to be an unconstitutional exercise of the legislature's authority to create new districts under La. Const. Art. VI, Sec. 38, we need not address the ABLD's remaining grounds of unconstitutionality of the Act.[2]

*639 LAW AND ANALYSIS
The burden of proving an act of the legislature is unconstitutional is on the party attacking the act. Moore v. Roemer, 567 So.2d 75, 78 (La.1990). It is a general principle of judicial interpretation that, unlike the federal constitution, a state constitution's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature. Chamberlain v. State through Department of Transportation and Development, 624 So.2d 874, 879 (La. 1993); Board of Directors of Louisiana Recovery District v. All Taxpayers, Property Owners, and Citizens of State of Louisiana, 529 So.2d 384, 387 (La.1988). The legislature may enact any legislation that the state constitution does not prohibit. Thus, a party seeking the declaration of unconstitutionality of a statute must point to or rely on a particular constitutional provision which would prohibit the legislature from enacting such a statute. Moore, 567 So.2d at 78; Board of Directors, 529 So.2d at 387. A constitutional limitation on legislative power may be not only express, but also implied. Chamberlain, 624 So.2d at 879.
Because the legislative power is otherwise plenary unless limited by the constitution, when reviewing a challenge to the constitutionality of a statute, this court has applied the following principles. Statutes are generally presumed constitutional (unless the fundamental rights, privileges and immunities of a person are involved). This presumption is especially forceful in the case of statutes enacted to promote a public purpose, such as statutes relating to taxation and public finance. When a court can reasonably do so, it must construe a statute so as to preserve its constitutionality. Board of Directors, Id.
With these precepts in mind, we turn now to the issue of whether or not Act 876 of 1992 creating the North Lafourche Conservation, Levee, and Drainage District so as to overlap two previously existing levee districts (the ABLD and the LBLD) and providing for the transfer of funds by the ABLD and the LBLD to the NLCLDD is prohibited by La. Const. Art. VI, Sec. 38. Article VI, Section 38 of the 1974 Louisiana Constitution provides in pertinent part:
(A) Retention; Reorganization; Consolidation.
Levee Districts as organized and constituted on January 1, 1974 shall continue to exist, except that
(1) The legislature may provide by law for the consolidation, division, or reorganization of existing levee districts or may create new levee districts.
A "levee district" is defined under La.R.S. 38:281(6) as a "political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." A "levee and drainage district" is defined at La.R.S. 38:281(7) as a "political subdivision of this state organized for the purpose and charged with the duty of constructing and maintaining levees, drainage, and all other things incidental thereto within its territorial limits."
Although the NLCLDD is entitled a "conservation, levee and drainage" district, and the ABLD is simply a "levee district", we find this distinction in nomenclature to be irrelevant for purposes of our decision. There is no distinction between the two types of districts under the statutory definitions set forth in La.R.S. 38:281(6) and (7), as we find that drainage is an "other thing[] incidental" to the construction and maintenance of levees. Furthermore, the parties do not assert, and otherwise seemed to readily admit, that the districts were created to, and in fact do serve the same purposes. This conclusion is bolstered by the very words of La.R.S. 38:333 which state that the ABLD and the NLCLDD "have overlapping jurisdiction, functions, and powers." Finally, the law providing for the NLCLDD was placed in a statute which listed all the other "levee districts" *640 in Louisiana and is located within a chapter titled "Levee Districts". We therefore find that by creating the NLCLDD such that its jurisdiction is completely overlapped by that of the previously existing ABLD and the LBLD, the legislature has subjected one geographical area to the territorial jurisdiction of two separate levee districts, each serving the same exact purposes. We find such an action to be prohibited by Art. VI, Sec. 38(A)(1) of the Louisiana Constitution of 1974.
Article VI, Sec. 38(A)(1) gives the legislature the power to provide for the "consolidation, division, or reorganization of existing levee districts" or to "create new levee districts." We do not find, however, there has been a "consolidation, division or reorganization of existing levee districts" under the circumstances of this case. The NLCLDD is a completely new district which did not result from the consolidation, division or reorganization of previously existing levee districts. Nor do we find the creation of the NLCLDD falls under the legislature's power to "create new levee districts." We find this power clearly implies that there only be one levee district per geographical area.
"When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be applied as written without further interpretation in search of its intent." Succession of Lauga, 624 So.2d 1156, 1165 (La. 1993). The interpretation of Art. VI, Sec. 38 urged by the NLCLDD would result in the absurd consequence that the legislature could geographically layer levee district on top of levee district ad infinitum, with each district serving the same purposes. This certainly cannot have been the intent of the constitutional framers.
That Art. VI, Sec. 38(A)(1) was not intended to allow the legislature to create "new levee districts" on top of previously existing levee districts becomes even more clear when one reads that provision in pari materia with the millage provisions of Art. VI, Sec. 39(A). That section provides in pertinent part:
(A) District Tax; Millage Limit.
For the purpose of constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection, and for all other purposes incidental thereto, the governing authority of a levee district may levy annually a tax not to exceed five mills, except the Board of Levee Commissioners of the Orleans Levee District which may levy annually a tax not to exceed to and one-half mills, on the dollar of the assessed valuation of all taxable property situated within the alluvial portions of the district subject to overflow.
The layering of levee districts, which was done with two districts in this case, but could conceivably be done ad infinitum, would result in the absurd consequence that each district would be allowed under La. Const. Art. VI, Sec. 39(A) to levy on the same taxpayers a tax of up to 5 mills, even though the districts are all serving the same purposes. This is in fact what has happened in this case. The ABLD states in brief that due to the constitutional roll back provisions applicable to previously existing districts found in La. Const. Art. VII, Sec. 23, a millage of 4.18 mills is the maximum constitutionally allowed millage for the area encompassed by the ABLD. Because the NLCLDD is newly created, it is not subject to the roll back provisions of Art. VII, Sec. 23 and could, under Art. VI, Sec. 39, levy a millage of up to 5 mills in the area encompassed by the NLCLDD. According to the record in this case, it appears both levee districts have currently levied the maximum millage allowed on their respective overlapping geographical areas.
Although the NLCLDD correctly points out that Art. VI, Sec. 39 authorizes a "levee district" to impose a tax not to exceed five mills, and, neither district in this case has levied a tax exceeding five mills, that same article nevertheless clearly contemplates that a taxpayer in a certain geographical area can only be subject to a tax of up to five mills "for the purpose of constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection, and for all other purposes incidental thereto." The ABLD and the NLCLDD both were created *641 to serve these purposes and, because of their geographical overlap, subject the taxpayers in that area to an overall tax which exceeds the limit set forth in Art. VI, Sec. 39.
Reading Art. VI, Secs. 38 and 39 in pari materia, it is clear that although the legislature has the power under Section 38 to "create new levee districts" this power must be exercised such that the new levee district replaces previously existing districts or is located in an area where there is no previously existing district. To hold that under Section 38 the legislature can create new levee districts which geographically overlap previously existing districts would lead to the absurd result that a taxpayer in the overlapping districts would be paying an unconstitutional amount of tax under Section 39. We are obligated to give Art. VI, Sec. 38 an interpretation which does not violate other constitutional provisions.
The trial judge correctly held that Act 876 of 1992 providing for the creation of the North Lafourche Conservation, Levee and Drainage District and providing for the transfer of funds from the ABLD to the NLCLDD is unconstitutional.
AFFIRMED.
NOTES
[*] Judge Lemmie O. Hightower, Louisiana Court of Appeal, Second Circuit, sitting to fill the vacancy created by the resignation of former Justice James L. Dennis. Lemmon, J., not on panel.
[1] The territorial jurisdiction of the LBLD is set forth in La.R.S. 38:291(F)(1).
[2] Subsection (F) of La. Const. Art. V, Sec. 5 provides that if the supreme court has appellate jurisdiction under Section 5, then that jurisdiction may extend over all issues involved in the civil action before it. Although the trial judge in this case did not rule specifically on whether Act 876 of 1992 exceeded the constitutional authority of the legislature under La. Const. Art. VI, Secs. 38 and 39, finding other grounds for unconstitutionality, this argument was addressed by both parties below and in briefs to this court.