Dear Mr. Naquin:
On behalf of the Board of Commissioners of the North Lafourche Conservation, Levee and Drainage District (the "NLCLDD"), you requested the opinion of this office on several questions which have arisen in light of the recent Louisiana Supreme Court decision of Board of Commissioners ofthe North Lafourche Conservation, Levee and DrainageDistrict v. Board of Commissioners of the Atchafalaya BasinLevee District, 95-1353 (La. 1/16/96), 666 So.2d 636. In that case, the Supreme Court held that Act 876 of 1992 ("Act 876"), which provided for the creation of the NLCLDD and provided for the transfer of funds from the Atchafalaya Basin Levee District ("ABLD") to the NLCLDD, was unconstitutional.
1) What is the current legal status of the NLCLDD?
Act 876, the enabling legislation creating the NLCLDD has been declared unconstitutional by the Louisiana Supreme Court in the proceedings previously referred to, which proceedings are styled Board of Commissioners of North LafourcheConservation, Levee and Drainage District v. Board ofCommissioners of Atchafalaya Basin Levee District, 95-1353 (La. 1/16/96) 666 So.2d 636. When a statute is declared unconstitutional it is void ab initio and all acts done under such statutes are void and of no effect. In the Matterof Rubicon, Inc., 95-0108 (La.App. 1st Cir. 2/14/96)1996 WL 62933; Magee v. Landrieu, 95-0437, 95-0438, 95-0474, p. 6 (La.App. 1st Cir. 3/17/95); 653 So.2d 62, 65, writs denied, 95-0790, 95-0800, 95-0805, 95-0870 (La. 4/21/95);654 So.2d 319, 320. Accordingly, it is our opinion that by determining that NLCLDD's enabling legislation to be unconstitutional, the Supreme Court determined that the NLCLDD had no legal status and did not exist.
 2) What are the current obligations of the district and its commissioners in light of the following facts:
 a) There have been levees constructed which requiremaintenance and other associated obligations to the landownerswho granted the right of ways to construct said levees;
 b) The District currently has over $800,000.00 ondeposit in financial institutions;
 c) The District currently has two (2) employees;
 d) The District owns an automobile and officeequipment and furniture;
 e) The District has a lease for office space;
 f) The District has been awarded $100,000.00 inCapital Outlay Funds for 1996, for a project which is locatedon the West Bank of Bayou Lafourche?
As previously stated, when a statute is declared unconstitutional it is void ab initio and all acts done under such statutes are void and of no effect. In the Matter ofRubicon, Inc., supra.; Magee v. Landrieu, supra. We note, however, that where it would be unequitable to follow the general rule that an unconstitutional statute was void ab initio and without any legal effect whatsoever, or where it was impossible for a court to undo what had transpired under an unconstitutional statute and to restore the parties to some reasonable position, the court can make exceptions to the rule as a matter of public policy or necessity in such instances.Smith v. Lincoln Parish Police Jury, 327 So.2d 641,644 (La.App. 2nd Cir. 1976).
Certainly, when the Louisiana Supreme Court determined that the NLCLDD's enabling legislation was unconstitutional, it had the power to make such an exception and the Court could have provided for the disposition of the NLCLDD's property, obligations and responsibilities. Regrettably, however, those issues were not addressed.
It should also be noted that House Bill No. 223 ("Bill 223"), adopted at the First Extraordinary Legislative Session of 1996 (at the time of this writing Bill 223 had not yet been assigned an Act number), purports to "provide with respect to the territorial jurisdiction of the North Lafourche Conservation, Levee and Drainage District", and "to delete provisions for shared jurisdiction for flood protection"by amending and reenacting the legislation which was made statutory by Act 876. Bill 223, unless vetoed, is scheduled to become law on June 18, 1996.
Although we question whether the legislature can "amend" provisions of law which have been declared unconstitutional (and are therefore legally nonexistent), the adoption of Bill 223 does indicate, at a minimum, legislative intention to create a "new" North Lafourche Conservation, Levee and Drainage District. Furthermore, the "new" district so created does not appear to overlap the boundaries or jurisdiction of any other levee district, and thus the "new"district does not appear to be structured in contravention of the Supreme Court's decision inBoard of Commissioners of North Lafourche Conservation,Levee and Drainage District v. Board of Commissioners ofAtchafalaya Basin Levee District, supra. Thus, the "new" district appears to be constitutional.
Unfortunately, like the Supreme Court's decision, Bill 223 does not address the disposition of the "old" NLCLDD's property, obligations and responsibilities either. It is possible that the Legislature intended the "new" district to acquire the property of the "old" NLCLDD and to assume its obligations and responsibilities. Unfortunately, that intent is not clear, and in any event, the "old" NLCLDD and the "new" NLCLDD have different boundaries and jurisdiction. Therefore, the "new" district cannot possibility assume all obligations of the former, and may not have any interest in some of the property of the "old".
This office must respectfully suggest that the only way to adequately resolve the answer to your second question is by declaratory judgment regarding the disposition of the assets and obligations of the NLCLLD [NLCLDD], as well as the responsibilities of its Commissioners.
 3) Should the NLCLDD cease to exist, who will assume the obligations to the citizens of Lafourche Parish for protection from flooding caused by hurricane and tidal overflow?
As stated in our answer to your first question, it is our opinion that the NLCLDD has ceased to exist. To the extent that the old NLCLDD overlapped other levee district(s), then those overlapped district(s) had, and continue to have, an obligation to protect the citizens of Lafourche Parish from flooding caused by hurricane and tidal overflow, subject to and in accordance with the enabling legislation of such district(s).
We are aware that in accordance with Act 1032 of the 1995 Regular Session, Lafourche Parish was removed from the Atchafalaya Basin Levee District. Therefore, certain portions of Lafourche Parish, at the time of this writing, have no levee district protecting them from flooding.
Of course, the "new" NLCLDD, if Bill 223 becomes law, will have an obligation to provide levee protection to the citizens of Lafourche Parish. However, unless the "new" NLCLDD succeeds to at least some of the assets of the "old" NLCLDD, then it may be some time before it is in a position, financially, to provide protection.
We trust the foregoing to be of some assistance, even though we could not provide definitive answers to your questions. Please contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Rep. Mitch Theriot, Dist. 54
DATE RECEIVED: 4/8/96 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL