Dear Representative Pitre:
We received your request for our opinion on behalf of the South Lafourche Levee District (hereafter, "District"). Based upon the information in the request and numerous conversations with representatives of the District, it is our understanding that the District's existence has been called into question in light of a Louisiana Supreme Court decision, Board of Commissioners of the NorthLafourche Conservation, Levee and Drainage District v. Board ofCommissioners of the Atchafalaya Basin Levee District, 666 So.2d 636(La. 1996). You therefore seek our opinion on the District's legal status.
In Board of Commissioners of the North Lafourche Conservation Levee andDrainage District, the Louisiana Supreme Court, in sum, ruled that although the Louisiana Legislature has the power under Article 6, Section38 of the Louisiana Constitution of 1974 to create new levee districts, such power must be exercised so that a new levee district replaces a previously existing district or is located in an area where there is no previously existing district. Article 6, Section 38 provides as follows:
 (A) Retention; Reorganization; Consolidation. Levee districts as organized and constituted on January 1, 1974 shall continue to exist, except that
 (1) The legislature may provide by law for the consolidation, division, or reorganization of existing levee districts or may create new levee districts. However, the members of the board of commissioners of a district heretofore or hereafter created shall be appointed or elected from among residents of the district, as provided by law.
 (2) A levee district whose flood control responsibilities are limited to and which is situated entirely within one parish may be consolidated and merged into such parish under the terms and conditions and in the manner provided in Section 16 of the Article.
 (B) Obligation of Contract Affirmed. No action taken under this Section shall impair the obligation of outstanding bonded indebtedness or of any other contract of a levee district.
In so ruling, the Supreme Court affirmed the district court's ruling that North Lafourche Conservation, Levee and Drainage District, created by an 1992 amendment to Louisiana Revised Statute 38:291, was not a "new" levee district nor did it consolidate, divide or reorganize an existing levee district. Rather, the two districts before the court, Atchafalaya Basin Levee District and North Lafourche Conservation, Levee and Drainage District, in fact, had overlapping jurisdiction, functions, and powers. The Supreme Court premised its decision on the fact that to hold otherwise would create the absurd result that a taxpayer in any overlapping district would be subject to double taxation under Article6, Section 39 (A) of the Louisiana Constitution of 1974 which allows Levee Districts to levy an annual tax not to exceed five mills. Taxpayers in these two overlapping districts would be subject to a ten mills tax which is contrary to the constitution. Therefore, the act creating North Lafourche Conservation, Levee and Drainage District was unconstitutional and as a result, North Lafourche Conservation, Levee and Drainage District had no legal status. It did not exist.
This case remains in effect and thus dictates that South Lafourche Levee District is constitutionally sound and retains its legal status and existence provided that it does not replace a previously existing district, i.e., the Atchafalaya Basin Levee District, and further provided that it does not have overlapping jurisdiction, functions, and powers with the Atchafalaya Basin Levee District.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: May 28, 2002