# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 05-425


W.R.M.

VERSUS

H.C.V. AND M.J.V.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2003-3614
HONORABLE GUY BRADBERRY, DISTRICT JUDGE


**********

J. DAVID PAINTER
JUDGE
**********


Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.

**REVERSED AND REMANDED.**


**Steven W. Hale**
**1735 Ryan Street**
**Lake Charles, LA 70601**
**Counsel for Plaintiff-Appellant:**
**W. R. M.**

**Terrell D. Fowler**
**625 Kirby Street**
**Lake Charles, LA 70601**
**Counsel for Plaintiff-Appellant:**
**W. R. M.**

**J. Ogden Middleton, II**
**David C. Hesser**
**1412 Centre Court, Ste. 403**
**Alexandria, LA  71301**
**Counsel for Defendant-Appellee**
        **H. C. V. and M. J. V.**

**PAINTER, Judge.**

The Plaintiff, W. R. M., appeals the trial court's decision to overrule his challenge to the constitutionality of La.Civ.Code art.191 and the court's decision to grant the Defendants' exceptions of no cause of action, no right of action, and prescription. For the following reasons, we reverse.

FACTS

In 1992, W. R. M. and H. C. V. began an extramarital affair while H. C. V. was employed as W. R. M.'s secretary. On September 1, 1994, H. C. V. gave birth to a child, A. M. V.  H. C. V. obtained a divorce from her husband, M. J. V., in October 1996. In November 2004, H. C. V. ended her relationship with W. R. M. On July 7, 2003, W. R. M. filed a Petition to Establish Filiation, alleging that he is the biological father of A. M. V., asking that A. M. V. be subjected to blood grouping and DNA testing to determine his biological parentage, and seeking a judgment declaring him to be the father of the child. The Defendants filed exceptions of no cause of action, no right of action, and prescription.  They argued that the Plaintiff's action was perempted under the provisions of La.Civ.Code art. 191 and that he had failed to assert his rights in a timely manner although he was aware of the existence of the child. In response, the Plaintiff filed an amended petition in which he pled the unconstitutionality of La.Civ.Code art. 191. The trial court denied the plea of unconstitutionality and gave written reasons for its decision. Subsequently, the trial court granted the Defendants' exceptions but declined to dismiss the Plaintiff's suit pending appeal. The Plaintiff appealed.

1

DISCUSSION

On appeal, the Plaintiff again asserts the unconstitutionality of La.Civ.Code art. 191. That article, which was created by Act 530 of the 2004 Regular Session of the Louisiana Legislature, provides as follows:

> A. A man may establish his paternity of a child presumed to be the child of another man even though the presumption has not been rebutted.
>
> B. This action shall be instituted within two years from the date of birth of the child, except as may otherwise be provided by law. Nonetheless, if the mother in bad faith deceives the father of the child regarding his paternity, the action shall be instituted within one year from the date the father knew or should have known of his paternity, but no more than ten years from the date of birth of the child.

Act 530 further provides that this statute is to be "applied both prospectively and retroactively" and "to all pending and existing claims." It became effective on June 25, 2004.

> The question whether the statutes at issue are constitutional is a legal question which will be reviewed *de novo*. *Cleco Evangeline*, [*v. Louisiana Tax Com'n,*] p. 3, 813 So.2d [351,] 353. This court has repeatedly held that statutes are generally presumed to be constitutional and the party challenging the validity of the statute has the burden of proving it is unconstitutional. *State v. Fleury*, 2001-0871 p. 5 (La.10/16/01), 799 So.2d 468, 472; *Board of Com'rs of North Lafourche Conservation, Levee and Drainage Dist. v. Board of Com'rs of Atchafalaya Basin Levee Dist.*, 95-1353 p. 3 (La.1/16/96), 666 So.2d 636, 639. Unlike the federal constitution, the Louisiana "constitution's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature." *Board of Com'rs*, 95-1353 p. 3, 666 So.2d at 639. Therefore, "the legislature may enact any legislation that the state constitution does not prohibit." *Id.* Because this is so, "[t]he party challenging the constitutionality of a statute must also cite to the specific provision of the constitution which prohibits the legislative action." *Fleury*, 2001-0871 p. 5, 799 So.2d at 472; *Board of Com'rs*, 95-1353 p. 4, 666 So.2d at 639.

> The plaintiffs bear the burden of proving the unconstitutionality of the statutes at issue.

2

*Louisiana Municipal Association v. State*, 04-0227, pp. 45-46 (La. 1/19/05), 893 So.2d 809, 842-43 (footnote omitted).

The Plaintiff asserts that the retroactive application of the peremptive period set out in La.Civ.Code art. 191 unconstitutionally deprives him of a vested right. "[S]tatutes of limitations are not accorded retroactive application where doing so would operate unconstitutionally to deprive a party of vested rights." *Achord v. City of Baton Rouge*, 489 So.2d 1373, 1376 (La.App. 1 Cir. 1986), *writ denied*, 493 So.2d 641 (La.1986) (citing *Lott v. Haley*, 370 So.2d 521 (La.1979)). Further, for a peremptive statute to pass constitutional muster with regard to divestiture of vested rights, it must provide a reasonable time for affected parties to assert their rights.

> The test for determining the constitutional validity of a limitation statute is whether it allows a reasonable time for the assertion of the right or the enforcement of the obligation; the legislature is primarily the judge of the reasonableness of the time allowed. Unless the time allowed is so short as to amount to a denial of justice, the courts will not interfere.

*Guillory v. Guillory by Arceneaux*, 615 So.2d 975, 977 (La.App. 1 Cir. 1993) (citations omitted), *quoted in Dauterive Contractors, Inc. v. Landry & Watkins*, 01-1112, p. 32 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1262. *See also Jamison v. Hilton*, 98-447 (La.App. 3 Cir. 10/21/98), 721 So.2d 494, *writ denied*, 98-2916 (La. 2/5/99), 730 So.2d 871.

The Defendants argue that the Plaintiff had no vested right because the husband of the mother is presumed, under Louisiana law, to be the father of the child. They further argue that, in these circumstances, a biological father has no due process liberty interest in asserting a filiation action. However, "[w]hen a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested

3

property right which is protected by the guarantee of due process." *Bourgeois v. A.P. Green Indus., Inc.*, 00-1528, p. 9 (La. 4/3/01), 783 So.2d 1251, 1259.

Prior to the passage of Act 530, the courts of this state "traditionally recognized a biological father's right to his illegitimate child by means of an avowal action." *T.D. v. M.M.M.*, 98-0167, p. 2 (La. 3/2/99),730 So.2d 873, 875 (footnote omitted). Therefore, at the time the Plaintiff filed this suit, he had a vested right to sue to avow paternity. La.Civ.Code art. 191 does not provide a time period for affected parties to assert their rights. It purports to cut off existing rights immediately upon approval, as follows:

> This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.

Accordingly, retroactive application of La.Civ.Code art. 191 is an unconstitutional abridgement of a right to due process[1]. As a result, we reverse the trial court's judgment in this regard.

Additionally, we reverse the trial court's judgment granting the Defendants' exceptions of no cause of action, no right of action, and prescription. In support of these exceptions, the Defendants essentially argue that the Plaintiff should not be allowed to proceed because he knew of the existence of the child and did not assert his rights or acknowledge the child as his own within a reasonable period of time. This allegation, and the evidence in support of it, is not properly brought before the court by the filing of exceptions. Under the law in effect at the time the petition was

---

[1] The Defendants suggest that this court found Act 530 to be constitutional by applying it in *Mouret v. Godeaux*, 04-496 (La.App. 3 Cir. 11/10/04), 886 So.2d 1217. However, the constitutionality of the act was not raised and was not before the court in that case.

4

filed, an action for avowal was not subject to a prescriptive period. *Mason v. Kansas City Ry. Co.*, 00-208 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249. Therefore, the trial court could not grant judgment on these exceptions based on the timeliness of the Plaintiff's petition. *Id.*

Having noted that no prescriptive period applied in an action for avowal at the time the Plaintiff filed suit, we will now consider the exceptions of no cause of action and no right of action on their own merits. We find no basis for the grant of an exception of no cause of action.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations presented. *Industrial Companies, Inc. v. Durbin,* 2002-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA–C.C.P. art. 931. Therefore, the court reviews the petition and accepts the well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *B & C Electric, Inc. v. East Baton Rouge Parish School Board*, 2002–1578, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 616, 619.

*Ferrington v. La. Bd. of Parole*, 03- 2093, p. 6 (La.App. 1 Cir. 6/25/2004) 886 So.2d 455, 458-59, *writ denied*, 04-2555 (La. 6/24/05), 904 So.2d 741.

A review of the petition shows that, taking the factual allegations as true, it states a cause of action for avowal.

We now turn to the Defendant's exception of no right of action. This court has previously held that:

> An exception of no right of action is used to raise the question whether a plaintiff belongs to a particular class in whose exclusive favor the law extends a remedy for which a cause of action exists, or to raise the issue whether plaintiff has the right to invoke a remedy which the law extends only conditionally. *Greenbriar Nursing Home, Inc. v. Pilley*, 93-2059 (La.5/23/94), 637 So.2d 429; La.Code Civ.P. art. 681.

5

*Robin v. Allstate Ins. Co.*, 02-689, p. 3 (La.App. 3 Cir. 2/5/03), 844 So.2d 41, 44-45, *writ denied*, 03-1818 (La. 10/17/03), 855 So.2d 763.

As we have stated, the courts of this state had recognized a biological father's right of action in this regard at the time Plaintiff's suit was filed. Therefore, the trial court erred in granting the Defendants' exceptions.

CONCLUSION

For these reasons, the trial court's judgment denying the plea of unconstitutionality is reversed. Further, its judgment granting the Defendants' exceptions is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the Defendants.

**REVERSED AND REMANDED**.