# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1569

**VIRGIL F. JACKSON, JR. and**
**VFJ JACKSON ENTERPRISES**

**VERSUS**

**VIDALIA RIVERFRONT**
**DEVELOPMENT DISTRICT, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF CONCORDIA, NO. 42859
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter.

**AFFIRMED.**

**Brent S. Gore**
**Attorney at Law**
**111 Serio Boulevard**
**Ferriday, LA 71334-2012**
**Counsel for Plaintiffs-Appellants:**
        **Virgil F. Jackson, Jr. and VFJ Jackson Enterprises**

**Joseph R. Ward, Jr.**
**Ward & Condrey, LLC**
**527 East Boston Street, Suite 200**
**Covington, LA 70433**
**Counsel for Plaintiffs-Appellants:**
        **Virgil F. Jackson, Jr. and VFJ Jackson Enterprises**

Jack H. McLemore, Jr.
Attorney at Law
Post Office Box 520
Vidalia, LA 71373-0520
Counsel for Defendant-Appellee:
       The Town of Vidalia

Charles L. Patin, Jr.
Kean, Miller, Hawthorne, D'Armond,
       McCowan & Jarman, LLP
Post Office Box 3513
Baton Rouge, LA 70821
Counsel for Defendants-Appellees:
       Vidalia Riverfront Development District and
       Vidalia Riverfront Authority

**PAINTER, Judge.**

Plaintiffs, Virgil F. Jackson, Jr. and VFJ Jackson Enterprises, Inc. ("Jackson"), filed a petition for declaratory judgment, preliminary injunction, and permanent injunction against Vidalia Riverfront Development District ("the District), Vidalia Riverfront Authority ("the Authority), and the Town of Vidalia ("Vidalia") relative to the levy and collection of a six percent (6%) hotel occupancy tax. Jackson sought to have Defendants enjoined from the levy and collection of the tax. Jackson also sought to have the amendment to La.R.S. 33:4709.1, which allowed for the levy of the tax, declared unconstitutional or, in the alternative, a declaration that the tax could be levied and collected only upon a majority vote of electors residing within the District in a proposition election on whether a sales and use tax on hotel occupancy ought to levied for the operation and maintenance of a convention center for Vidalia. The trial court denied Plaintiffs' request for a permanent injunction, found the amendment constitutional, and declined to enter any declaratory judgment as prayed for by Plaintiffs. Plaintiffs now appeal. For the following reasons, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson is the owner and operator of a hotel operated under the Comfort Suites trade name located in the Vidalia Riverfront Development District. Jackson and the District entered into a ninety-nine year lease for the land on which the hotel was built. The 102 key hotel, which includes a full service restaurant and lounge, opened to the public in October of 2002.

The Louisiana Legislature enacted Act 54 of 2007, which amended La.R.S. 33:4709.1(A) and (B) and enacted La.R.S. 33:4709.1(J) to provide as follows:

> A. (1)     There is hereby created a special municipal district in the town of Vidalia, hereafter referred to as the "town", to be known as

1

the Vidalia Riverfront Development District, hereafter referred to as the "district". Such district shall be a body politic and corporate, shall be an instrumentality of the town of Vidalia, and shall be a political subdivision of the state of Louisiana. The district, through the authority, may levy a hotel occupancy tax in the district to provide funds for a convention center in the town as provided in Subsection J of this Section and as otherwise provided by law. The district and the authority shall have no power to levy any other tax.

(2) The district shall be composed of all the territory contained in the tract described as follows:

From the most westerly corner of Block 96 of the city of Vidalia, as shown by map recorded in Conveyance Book NN, page 275 of the records of Concordia Parish, Louisiana, go N 84° 23' 02"' E for 2,089.92 feet to the point of beginning, being the most northerly corner of within described tract, also being on the westerly boundary of H. D. Jenkins 3.8 acre, more or less, tract of a portion of River Side Place. Thence from said point of beginning, go S 52° 13' 21"' W for 4,862.97 feet to the southeasterly boundary of Tract 3-D (8.62 acres) of the division of portion of the property of the Missouri Pacific Railroad Company in March, 1987; thence go along the boundary of said tract 3-D N 36° 29' 51" W for 110.42 feet to the most northerly corner of same; thence go S 52° 13' W along the northwesterly boundary of said Tract 3-D and extension thereof for 4,079.21 feet to a point on the northerly boundary of Bunge Corp. 17.3 acre tract; thence go along the boundary of said Bunge Corp. property N 75° 32' E for 149.59 feet and S 16° 31' E for 866 feet more or less, to the mean low water of the Mississippi River; thence in a general northeasterly direction along said mean low water of the Mississippi River upstream for 9,028 feet more or less to the southeast corner of H. D. Jenkins 3.8 acre, more or less, tract of a portion of Riverside Place; thence go along the boundary of said 3.8 acre, more or less, tract N 55° 05' W for 310.00 feet, N 01° 20' W for 315.00 feet and N 04° 55' E for 37.28 feet to the point of beginning. Within described tract contains 154 acres, more or less situated in the city of Vidalia between the main line Mississippi River levee and the Mississippi River in portion of Sections 11, 12, 13, 14, 15, and 49, T7N-R10E, Concordia Parish, Louisiana.

B. (1) The primary purposes of the district shall be to provide for the development of property within the district for recreation and tourism purposes while also providing the opportunity for cultural events and the preservation and recognition of the area as a significant historical site, being the original site of the town of Vidalia which was moved in 1939 because of the changing channel of the Mississippi River. In accordance with the provisions of this Section and subject to the approval of the governing authority of the town, the governing authority of the district shall have and may exercise all powers necessary or convenient for the carrying out of such purposes, including control of design, construction, and usage of facilities within the district and the

negotiation of contracts with private entities for lease or conveyance of property within the district.

(2) The district shall also have the purpose of providing funding for a convention center in the town as provided in Subsection J of this Section, including but not limited to acquisition, construction, equipment, operation, maintenance, and support and other related costs of such a convention center.

. . . .

J. (1) The district, through the authority, may levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the district. Such tax shall not exceed six percent of the rent or fee charged for such occupancy.

(2) The word "hotel" as used in this Section shall mean and include any establishment, either public or private, engaged in the business of furnishing or providing rooms and overnight camping facilities intended or designed for dwelling, lodging, or sleeping purposes to transient guests when such establishment consists of two or more guest rooms and does not encompass any hospital, convalescent or nursing home or sanitarium, or any hotel-like facility operated by or in connection with a hospital or medical clinic providing rooms exclusively for patients and their families.

(3) The hotel occupancy tax shall be paid by the person who exercises or is entitled to occupancy of the hotel room and shall be paid at the time the rent or fee for occupancy is paid. "Person" as used herein shall have the same definition as that contained in R.S. 47:301(8).

(4) The district, through the authority, shall impose the hotel occupancy tax by ordinance or resolution. The authority may provide in the ordinance or resolution necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the hotel occupancy tax.

(5) The district, through the authority, may enter into a contract under such terms and conditions as it may deem appropriate, including payment of a reasonable collection fee, with any public entity authorized to collect sales or use taxes for the collection of the hotel occupancy tax authorized in this Section.

(6) The hotel occupancy tax authorized by this Section shall be in addition to all taxes presently being levied upon the occupancy of hotel rooms located within the district and shall be in addition to any other tax authorized by the constitution or by law.

(7) The proceeds of the occupancy tax so levied, less a reasonable sum to be paid as a collection fee as authorized by Paragraph (5) of this

Subsection, shall be used to fund costs of acquisition, construction, equipment, operation, maintenance, and support and other related costs of a convention center in the town.

(8)     The district, through the authority, shall establish such funds or accounts as are necessary for the implementation of the provisions of this Subsection.

The Act became effective on July 1, 2007.

On July 3, 2007, the Authority adopted a resolution pursuant to the provisions of Act 54 of 2007. This resolution authorized the levy of a six percent (6%) tax to be used in accordance with the Act; i.e., to fund costs of acquisition, construction, equipment, operation, maintenance, and support and other related costs of a convention center in Vidalia. This six percent (6%) tax was to be an occupancy tax in addition to existing sales taxes.

Plaintiff filed the instant suit on August 22, 2007 seeking to enjoin the levy and collection of the tax and to either have Act 54 of 2007 declared unconstitutional or unconstitutional as sought to be applied. The parties agreed that there was no dispute as to the material facts in this matter and stipulated to the following material facts:

1.     The Louisiana Legislature enacted Act 54 of 207, and the Act became effective on July 18, 2007 [sic], when signed by the governor.

2.     The Act is the best evidence of its contents.

3.     The Vidalia Riverfront Authority adopted a resolution on July 3, 2007 under the provisions of Act 54 of 2007, authorizing the levy of a six percent tax to be used in accordance with the Act.

4.     Virgil F. Jackson, Jr. is a person of the age of majority, domiciled in the parish of Concordia, residing within the geographic boundaries of the Vidalia Riverfront Development District, and registered to vote therein.

5.     VFJ Jackson Enterprises, Inc. is a domestic corporation with its principal place of business in the Parish of Concordia. VFJ Jackson Enterprises, Inc. Is the owner and operator of a hotel located within the town of Vidalia and situated within the geographic boundaries of the Vidalia Riverfront Development District.

4

6.  The Vidalia Riverfront Authority is the governing authority of the Vidalia Riverfront Development District. The Vidalia Riverfront Authority is comprised of a board of commissioners appointed by the town of Vidalia.

7.  The Vidalia Riverfront Development District is an entity created pursuant to legislation enacted by the legislature.

8.  The town of Vidalia is an incorporated municipality situated within the parish of Concordia and is a local governmental subdivision pursuant to La. Constitution Article VI, § 44(1).

9.  The hotel occupancy tax authorized in Act 54 of 2007 is a sales tax that shall not exceed six percent of the rent or fee charged a person for occupancy in a hotel as defined within said Act. The six percent tax is in addition to existing sales taxes.

10. The Attorney General of Louisiana was duly served with a copy of Plaintiff's lawsuit on August 31, 2007.

The lawsuit was tried on the merits on October 1, 2007, pursuant to the above-referenced stipulations. Additionally, the trial court took judicial notice of the Authority's ordinance. By judgment dated October 15, 2007, the trial court denied Plaintiffs' request for the issuance of a permanent injunction, denied Plaintiffs' request for a judgment declaring Act 54 of 2007 unconstitutional or unconstitutional as sought to be applied, denied Plaintiffs' request for stay of judgment, and cast Plaintiffs with all costs of the proceedings. Plaintiffs now appeal devolutively, asserting that the trial court erred in denying Plaintiffs' petition to declare Act 54 of the 2007 Legislative Session unconstitutional as it imposes a six percent (6%) sales tax on businesses operating within the geographic boundaries of the District for the stated purpose of building a convention center in Vidalia and because the tax was imposed without approval of the voters in direct violation of Louisiana Constitution, Article VI, §§ 29 and 32.

# DISCUSSION

In reviewing this judgment, we are mindful of the following tenets set forth by the Louisiana Supreme Court in the recent case, *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548, p. 6 (La. 10/1/07), ____ So.2d ____:

> As a general rule, statutes are presumed to be constitutional; therefore, the party challenging the validity of a statute has the burden of proving its unconstitutionality. *State v. Citizen*, 04-1841, p. 11 (La.4/1/05), 898 So.2d 325, 334; *Louisiana Municipal Association*, 04-0227 at 45, 893 So.2d at 842; *Board of Commissioners of North Lafourche Conservation, Levee and Drainage District v. Board of Commissioners of Atchafalaya Basin Levee District*, 95-1353, pp. 3-4 (La.1/16/96), 666 So.2d 636, 639. Because the provisions of the Louisiana Constitution are not grants of power but instead are limitations on the otherwise plenary power of the people, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit. *Louisiana Municipal Association*, 04-0227 at 45, 893 So.2d at 842-843; *Polk v. Edwards*, 626 So.2d 1128, 1132 (La.1993); *Board of Commissioners of Orleans Levee District v. Department of Natural Resources*, 496 So.2d 281, 286 (La.1986). As a result, a party challenging the constitutionality of a statute must point to a particular provision of the constitution that would prohibit the enactment of the statute, and must demonstrate clearly and convincingly that it was the constitutional aim of that provision to deny the legislature the power to enact the statute in question. *World Trade Center Taxing District v. All Taxpayers, Property Owners*, 05-0374, p. 12 (La.6/29/05), 908 So.2d 623, 632; *Caddo-Shreveport Sales and Use Tax Commission v. Office of Motor Vehicles Department Of Public Safety and Corrections of the State*, 97-2233, pp. 5-6 (La.4/14/98), 710 So.2d 776, 779; *Polk*, 626 at 1132.

We find that the Plaintiffs have failed to meet the burden of showing "clearly and convincingly" that the statute at issue, La.R.S. 33:4709.1, is unconstitutional based on their contentions that the Louisiana Constitution, Article VI, § 29[1] expressly

---

[1]This Section provides, in pertinent part, as follows:

**(A) Sales Tax Authorized**. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use

prohibits a local governmental political subdivision from imposing any use or sales tax in excess of three percent (3%) and that if the legislature grants additional taxing power to a local governmental subdivision, any such tax must be approved by a majority of the electors voting in an election called for that purpose. As such, Plaintiffs contend that La.R.S. 33:4709.1 is unconstitutional in this instance because it contains no provision requiring a vote of the electorate. On the other hand, Defendants contend that Article VI, Section 29 is inapplicable to the case at bar because it is limited in application by its express language to local governmental subdivisions and school boards and that the District is a special district and a political subdivision created by legislative act in accordance with Article VI, §§ 19 and 30.

We agree that Article VI, § 29 is inapplicable to the District.

> The starting point in the interpretation of constitutional provisions is the language of the constitution itself. *East Baton Rouge Parish Sch. Bd. v. Foster*, 02-2799, p. 15 (La.6/6/03), 851 So.2d 985, 996. When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. *Id*. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. *Cajun Elec. Power Co-op. v. Louisiana Pub. Serv. Com'n,* 544 So.2d 362, 363 (La.1989) (on rehearing).

*Board of Directors of Indus. Dev. Bd. of City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of City of Gonzales*, 05-2298, pp. 14-15 (La. 9/6/06), 938 So.2d 11, 20.

The Constitution expressly permits the legislature to create special districts. La. Const. art. VI, § 19.

---

taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.

**(B) Additional Sales Tax Authorized**. However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.

One of the main objectives of Article VI of the Constitution on local government was to remove from the Constitution the great mass of material on the subject of special districts and to leave to the Legislature the responsibility for providing for special districts by statutory law. Another objective was to make parishes and municipalities more than mere creatures of the Legislature through constitutional grants of self operative powers. By pursuing these objectives the delegates hoped to eliminate the need for continual amendment of special district and local government provisions and to grant a greater degree of self-government and independence from the Legislature to municipalities and parishes. XVIII Records of the Louisiana Constitutional Convention of 1973: Verbatim Transcripts, September 29, 1973, at 22 [hereinafter cited as Records]; XVI Records, September 20, 1973, at 41, 44-45, 47; Kean, Local Government and Home Rule, 21 Loy.L.Rev. 63 (1975); cf. 3 Projet [sic] of a Constitution for the State of Louisiana 241 (1954).

To facilitate these objectives a special district is classified by the local government article as a "political subdivision", which is the basic substate unit of government and generally subject to legislative control. La. Const. 1974, Art. VI, § 44(2). On the other hand, municipalities and parishes are specially classified as "local governmental subdivisions" and granted significant self operative powers. La. Const. 1974, Art. VI, § 44(1); *see* La. Const. 1974, Art. VI, §§ 26, 27, 28, 29, 32. In two instances a political subdivision, i.e., a special district and others, is granted self operative powers also, viz., to levy special taxes for public works and to issue general obligation bonds. La. Const. 1974, Article VI,§§ 32 and 33. In some instances, to guard against abuse of self operative powers, the local government article expressly provides that a political subdivision must obtain voters' approval before exercising the self-operative power. La. Const. 1974, Article VI, §§ 28, 29, 32 and 33.

In place of the great mass of special district provisions which had been contained in the previous constitution, Article VI, § 19 simply confirms the Legislature's plenary power to create any type of special district and to confer upon it any power the Legislature deems proper, including the power to tax and to issue debt.

*Board of Directors of Louisiana Recovery Dist. v. All Taxpayers, Property Owners, and Citizens of State of La.*, 529 So.2d 384, 388-89 (La.1988).

Therefore, we find no error in the trial court's refusal to grant a permanent injunction or in its refusal to issue a judgment declaring La.R.S. 33:4709.1 unconstitutional.

8

**DECREE**

For the foregoing reasons, we affirm the trial court's decision in its entirety. Costs of this appeal are assessed to Plaintiffs-Appellants, Virgil F. Jackson, Jr. and VFJ Jackson Enterprises.

**AFFIRMED.**